IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.: 16-2013-CA-9655

DIVISION: CV-C

ANTHONY HAIRSTON,

    Plaintiff,

vs.

ED NELSON TRANSPORT, a Foreign Profit Corporation and ED NELSON, Individually,

    Defendants.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, ANTHONY HAIRSTON, by and through the undersigned attorneys, and hereby sues the Defendants, ED NELSON TRANSPORT ("TRANSPORT") and ED NELSON ("NELSON") and alleges the following:

## COMMON ALLEGATIONS

1. This is an action for damages that exceeds $15,000.00, exclusive of interest, costs and attorney fees.

2. This Court has jurisdiction over the instant matter in that all actions alleged took place within Jacksonville, Duval County, Florida.

3. At all times material herein, Defendant NELSON had a duty to use reasonable care, the degree of care which a reasonably careful person would have used under like circumstances while engaged in the operation of a tractor trailer at a warehouse loading dock.

4. On or about June 16, 2011, Defendant TRANSPORT owned a tractor that was negligently operated by Defendant NELSON at the Wagner Industries warehouse facility ("warehouse") in Jacksonville, Duval County, Florida, such that it struck the plaintiff, ANTHONY HAIRSTON.

5. Defendant NELSON breached the aforementioned duty and was negligent in, but not limited to, the following ways:

a. By negligently backing his tractor trailer up to the loading dock of the warehouse in violation of Florida Statute §316.1985, requiring that "the driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic."

b. By failing to ensure that there were no persons or equipment behind his tractor-trailer prior to backing up his tractor-trailer;

c. By failing to provide any warning through the use of horns, back-up alarms, or a guide when backing up his tractor-trailer to the loading dock of the warehouse;

d. By failing to communicate directly with dock workers and other workers at the warehouse prior to backing up his tractor-trailer to the loading dock of the warehouse;

e. By failing to get out of the tractor and ensure that the loading dock and surrounding areas were free from pedestrians before backing his tractor-trailer to the loading dock of the warehouse;

f. By failing to back his truck slowly and with reasonable care;

g. By failing to utilize a reliable guide prior to backing up his tractor-trailer to the

loading dock of the warehouse; and

h. By negligently operating his tractor trailer such that he struck the Plaintiff resulting in bodily injury.

6. At all material times herein, driver/Defendant NELSON was driving with the consent of Defendant TRANSPORT, and therefore, Defendant TRANSPORT is liable for any negligence of driver/Defendant NELSON under the Dangerous Instrumentality Doctrine.

7. At all material times herein, driver/Defendant NELSON was employed by the defendant business TRANSPORT. At the time of the motor vehicle collision, driver/Defendant NELSON was acting within the course and scope of his employment and/or agency with the defendant business TRANSPORT. Therefore, Defendant TRANSPORT is vicariously liable for the negligence of driver/Defendant NELSON under the theory of Respondeat Superior.

8. At all material times herein, driver/Defendant NELSON was operating Defendant TRANSPORT'S tractor-trailer for a commercial activity in Defendant TRANSPORT'S ordinary course of business.

## COUNT I

### CLAIM AGAINST THE OWNER/EMPLOYER, ED NELSON TRANSPORT

9. The plaintiff re-alleges the common allegations (paragraphs one through eight), and incorporates the same by reference herein.

10. As a result of the negligence of Defendant NELSON, the plaintiff has suffered bodily injury and resulting pain and suffering, disability, disfigurement, permanent scarring, mental anguish, loss of capacity for the enjoyment of life, aggravation of a pre-existing condition, medical and nursing care, treatment, lost wages and loss of ability to earn money. These losses are either permanent or continuing, and the plaintiff will suffer losses in the future.

11. The plaintiff's injury is, in whole or in part, a permanent injury within a reasonable degree of medical probability within the meaning of Section 627.737 of the Florida Statutes.

**WHEREFORE**, the plaintiff, ANTHONY HAIRSTON, demands judgment for damages against Defendant ED NELSON TRANSPORT, together with costs, and a trial by jury of all issues triable and any other relief the court may deem appropriate.

## COUNT II

### CLAIM AGAINST THE DRIVER/EMPLOYEE, ED NELSON

12. The plaintiff re-alleges the common allegations (paragraphs one through eight), and incorporates the same by reference herein.

13. As a result of the negligence of Defendant NELSON, the plaintiff has suffered bodily injury and resulting pain and suffering, disability, disfigurement, permanent scarring, mental anguish, loss of capacity for the enjoyment of life, aggravation of a pre-existing condition, medical and nursing care, treatment, lost wages and loss of ability to earn money. These losses are either permanent or continuing, and the plaintiff will suffer losses in the future.

14. The plaintiff's injury is, in whole or in part, a permanent injury within a reasonable degree of medical probability within the meaning of Section 627.737 of the Florida Statutes.

**WHEREFORE**, the plaintiff, ANTHONY HAIRSTON, demands judgment for damages against Defendant ED NELSON, together with costs, and a trial by jury of all issues triable and any other relief the court may deem appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to the Defendants with service of process of the Complaint filed in this case.

THE LAW OFFICES OF JOHNS & VON ROENN

_____
CHRIS JOHNS, ESQUIRE
Florida Bar No. 0882917
Email: cjjaxlaw@yahoo.com
ZACHARY VON ROENN, ESQUIRE
Florida Bar No. 0027202
Email: zvonroenn@chrisjohnslaw.com
E-Service: epleading@chrisjohnslaw.com
4901 Atlantic Blvd.
Jacksonville, FL 32207
Phone: (904) 398-9893
Fax:    (904) 398-8757

ERIC S. BLOCK
Florida Bar No.: 0915531
FRAZ AHMED
Florida Bar No.:0025653
6817 Southpoint Parkway, Ste. 2502
Jacksonville, Florida 32216
TEL.: (904) 475-9400
FAX: (904) 475-9411
Primary email: eservice@ericblocklaw.com