# <u>Composite Exhibit 1</u>

### <u>Orders Requiring the Release of<br>Test Material and Raw Data to Plaintiff's Attorney</u>

1.    <u>Gonzalez v. C & W Trucking, Inc., et al,</u> Case No 16-2008-009405; order dated 9/29/09;

2.    <u>Johnson v. McPhee and The First American Corporation,</u> Case No 05-2005-CA 019394; order dated 5/23/08;

3.    <u>Rose- Meucci v Safelite Glass Corporation and Bright</u>, Case No 06 730 CA, order dated 8/20/08;

4.    <u>Heying v Buchert</u>, Case No 05-2001 CA-008694, order dated 5/20/05;

5.    <u>Rivera v. Propst</u>, Case No 10-1624CA, order dated 1/28/13;

6.    <u>Rodriguez v U.S. Parking Limited, Inc</u>, Case No 06-05204, order dated 5/5/05;

7.    <u>Garcia v. Central Park/Vogue Ltd. Partnership, et al,</u> Case No 06-CA-001900, order dated 10/7/08;

8.    <u>Sworin v. Harris</u>, Case No 09-05836-CA, order dated 12/2/13;

9.    <u>Smith v. Giordano and Herzog Contracting Corp.,</u> Case No 2009-CA-31047, order dated 12/22/10;

10.    <u>Russel v. You and WW Enterprises, LLC,</u> Case No 05-2013-CA-022582, order entered 3/24/14.

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

CASE NO.: 16-2008-009405-MA

DIVISION: CV-H

RICARDO GONZALEZ and his wife,
VIRGEN M. ORENGO-GONZALEZ,

      Plaintiffs,

vs.

C&W TRUCKING, INC., a Florida corporation,
C&W LOGISTICS, INC., a Florida corporation,
and PATRICK JONES,

      Defendants.

_____/



FILED

SEP 29 2009

CLERK CIRCUIT COURT

## ORDER ON PLAINTIFFS' MOTION TO COMPEL DISCOVERY, SPECIFICALLY THE "RAW DATA" GENERATED BY DEFENDANTS' NEUROPSYCHOLOGICAL EXPERT, ELIZABETH TANNAHILL GLEN, PH.D.

THIS CAUSE came on to be heard by this Court upon Plaintiffs' Motion to Compel

Discovery, Specifically the "Raw Data" Generated by Defendants' Neuropsychological Expert,

Elizabeth Tannahill Glen, Ph.D. The Court having heard argument by counsel for the parties and

with the Court being otherwise fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED that Defendants' expert, Elizabeth Tannahill Glen, Ph.D.

shall produce simultaneously and directly to all counsel a complete copy of her "raw data" which

includes Dr. Glen's entire file regarding Plaintiff, Ricardo Gonzalez, including, but not limited to,

the testing books and manuals of the tests administered as part of the neuropsychological

- Page 1 -

examination as well as Ricardo Gonzalez's answers and the raw data concerning the tests no later

than October 2, 2009.

**DONE and ORDERED** at Jacksonville, Duval County, Florida this ___ 28th day of

September, 2009.

CIRCUIT JUDGE

Copies Provided To:

Dianne J. Weaver, Esquire
Julie M. Harrell, Esquire
Harrell & Harrell, P.A.
4735 Sunbeam Road
Jacksonville, FL 32257

Christopher W. Wadsworth, Esquire
Robert L. Gioia, Esquire
Wadsworth, King & Huott, LLP
200 Southeast 1st Street, Suite 1100
Miami, Florida 33131

- Page 2 -

IN THE CIRCUIT COURT OF THE 18th
JUDICIAL CIRCUIT IN AND FOR
BREVARD COUNTY, FLORIDA

CASE NO 05-2005-CA-019394-XXXX-XX

LYLE B JOHNSON,

    Plaintiff,

vs

DESIREE D McPHIE AND
THE FIRST AMERICAN CORPORATION,
a foreign corporation,

    Defendants

## ORDER ON DEFENDANTS' MOTION FOR COMPULSORY NEUROPSYCHOLOGICAL EXAMINATION AND RESPONSE TO PLAINTIFF'S OBJECTION TO EXAMINATION

The Defendants' Motion For Compulsory Neuropsychological Examination And Response to Plaintiff's Objection to Examination having come on for hearing on the 18th day of April, 2008 and the 9th day of May, 2008, and Defendant's Motion For Clarification or Reconsideration Regarding Neuropsychological Examination Performed by Thomas Boll, M D having come on for hearing on May 12, 2008, and the Court having reviewed said motions and the Plaintiff's Response and Objection to Unauthorized Conditions in Defendant's Notice of Psychological Examination Pursuant to Florida Rule of Civil Procedure 1 360 pertaining to a neuro psychological examination of Plaintiff Lyle Boyd Johnson which Defendants desire to have conducted by Thomas Boll , Ph D , a licensed psychologist, and the Court having heard argument of counsel, having reviewed an Affidavit by Dr Boll and attachments relative to Dr Boll's objection to the attendance of a videographer or other representatives of the Plaintiff at the Rule 1 360 Fla R Civ P examination, and the Court being otherwise duly advised in the premises, Now Therefore, Upon Consideration, it is,

Case # 05-2005-CA-019394-XXXX-XX
Document Page # 387
012129721

Exhibit 3

ORDERED AND ADJUDGED that

1   ENTITLEMENT TO DPE  Defendants shall at their sole expense be entitled to have

psychologist Thomas Boll , Ph D  conduct a defense neuro psychological examination of

Plaintiff Lyle Boyd Johnson pursuant to Rule 1 360 Fla R Civ P  Dr Boll shall be permitted

to administer such neuropsychological tests as he deems appropriate notwithstanding the fact

Plaintiff's treating neuropsychologists, Dr  Giles Rainwater, Dr  Scott Kaplan and Dr David

Hebda's reports and raw data have been provided to the defense for review by Dr Boll, with

the exception of the following tests recently performed by Dr Hebda as set forth in Paragraph

7 of Defendant's Motion For Clarification or Reconsideration Regarding Neuropsychological

Examination Performed by Thomas Boll, M D ", to wit  "Trail Making Test, 15 Item Test,

WAIS-III, Verbal Fluency and WRAT-4 Those tests shall not be administered by Dr Boll

but Dr Boll may administer the other tests as set forth in Paragraph 6 of the noted motion,

to wit  Boston Naming Test, Aphasia Screening Test, Fingertip Number Writing, Grip

Strength Test, Grooved Peg Board Test, MMPI II, PASAT, Single Digit, WMS-III, and 21

Item Test  Provided however, nothing herein contained shall preclude the Plaintiff from

arguing that "test effect", due to prior testing by treating neuropsychologists, may affect the

results of current testing by Dr Boll that is the same or similar to that previously

administered by Plaintiff's treating neuropsychologists  With respect to each test

administered by Dr Boll, it shall be identified by Dr Boll in his report by the standard

professional, commercial, trade or other common name customarily used by psychologists,

and Dr Boll shall specify in his report the professional purpose for each respective test he

administered to the Plaintiff Further, the Plaintiff shall not be advised of what tests will be

administered by Dr Boll by anyone prior to the testing under any circumstances

-2-

VFR3 SVJ

$3$

2    PLAINTIFF'S REPRESENTATIVES  Plaintiff may have a videographer and/or court reporter and/or attorney or other representative attend the examination and record  the examination  See U S Security v Cimino, 754 So 2d 697 (Fla 2000), Broyles v Reilly, 695 So 2d 832 (Fla 2nd DCA 1997), Freeman v Latherow, 722 So 2d 885 (Fla 2DCA 1998), Lunceford v Florida Central RailRoad Co , Inc , 728 SO 2d 1239 (5th DCA 1999) and Maraman v State, 33 FLW D346, 347 (Fla 2d DCA ½5/08)  Further, pursuant to such legal authority, there exists in this action no case specific reasons to exclude from the examination Plaintiff's videographer and/or court reporter and/or attorney or other representative  The examination site shall be in Pocatello, Idaho per agreement of the parties, and the site shall be selected  by counsel for the Defendants who, per stipulation of the Plaintiff and Defendants at hearing on May 9, 2008, in order to address the concerns of Dr Boll and the Defendants regarding the presence of the Plaintiff's representatives in the examination room, may elect to choose to select a site  having a one-way mirror or other site arrangements whereby the Plaintiff's videographer and/or court reporter and/or attorney or other representative  may be located in a room other than the examination room but fully able to observe, hear, video tape, and audio record the examination using audio visual recording equipment in the examination room, with Plaintiff being in their view and able to be heard at all times during the examination and Dr Boll (and any psychometrician or other assistant used by Dr Boll) being in their view and able to be heard at all times he is present with Plaintiff or otherwise conducting the neuro psychological examination  The doctor (and any assistant) and the Plaintiff shall be in full frontal view of the camera(s) at all times during the examination with the camera(s) being situated in as unobtrusive location given the size of the room as reasonably possible  Said third party observers are not to be excluded from observing

-3-

VFR3 SVJ

or hearing any portion of the examination by Dr Boll  Alternatively, a site without a one way

mirror may be chosen by Defendants and their counsel  whereby the inanimate audio visual

recording equipment may be in the room where the examination is conducted with the

videographer and any other third parties in a separate room able to see, hear and record the

examiner and Plaintiff examinee  The defense neuro psychological examiner shall not

attempt to charge said individuals or Plaintiff a fee by reason of the attendance of such

individuals or the audiovisual recording of the examination  Failure by the defense to arrange

for a site which will accommodate remote viewing and recording of the examination shall

result in the Plaintiff's observers having a right to be in the examining room with their audio

visual recording equipment to observe and record the examination during all portions of the

examination

3      DPE DOCTOR ONLY DEFENSE REPRESENTATIVE PERMITTED  The Defendants

shall not be permitted to have a court reporter, videographer, attorney or other representative

at the neuro psychological examination other than the defense neuro psychological examiner,

Dr Boll, because such attendance would violate Plaintiff's right of privacy in this cause, and

also, Defendants, their counsel and their expert shall not video or otherwise record the

examination because the Defendants cannot do indirectly what they are not permitted to do

directly  See  Chavez v  J & L Drywall & Travelers Insurance Co , 858 So 2d 1266 (Fla  1st

DCA 2003)

4      "IME" AND "IPE" REFERENCE IMPROPER  Dr Boll as a defense neuro psychological

examiner should not identify himself or be identified during the examination or in his report

as "independent", "appointed by the court", or by a like description which suggests

-4-

impartiality on behalf of the selected defense examiner, and said expert's report shall not be titled or referred to as an "Independent Psychological Examination" or the like

5   DPE REPORT   Dr Boll, the examiner, shall prepare a written report of the neuro psychological examination and identify in his report all tests and related items he used or reviewed, and if applicable, performed with respect to the Plaintiff, and Dr Boll shall set forth in his written report all test results and all of the doctor's findings, conclusions, diagnoses and expert opinions with respect to the Plaintiff   The report shall be provided to Plaintiff's counsel and Defendants' counsel within 5 business days   after the date of the examination

6   RAW DATA   Upon completion of the report, Dr Boll will provide his Rule 1 360 Fla R Civ P report and copies of all raw data from testing reviewed, performed, or used by him as part of the evaluation of Plaintiff to Plaintiff's counsel by providing copies of same to Dr Giles Rainwater, Dr Scott Kaplan and Dr David Hebda, including but not limited to copies of all notes, writings, tests, test results, test scores, test booklets, test questions, test scoring sheets and test protocols and any other items used in conducting, scoring and evaluating the tests   for review and use in this litigation by Plaintiff's counsel, Plaintiff's treating psychological experts or medical experts, and any consulting or testifying psychological or medical specially retained experts engaged by Plaintiff's counsel in this action   In no event shall a copy of said report and any applicable raw data be provided to Plaintiff's treating neuropsychologists later than 5 business days   after the examination Provided however, none of such raw data shall be provided by the examiner, counsel for the parties or anyone else to any other third parties not serving as counsel or experts in this action

-5-

VFR3 SVJ

absent further order of this court permitting same  Further, all copies of the raw data shall be destroyed or returned to Dr Boll at the conclusion of this action, including any appellate proceedings

7    <u>MEDICAL AND PSYCHOLOGICAL RECORDS TO BE REVIEWED BY EXAMINER</u>
All medical and psychological records which the defense desires for Dr Boll to review shall be provided by defense counsel, not Plaintiff's counsel, and Plaintiff shall not be required to bring any records to the examination, and further, Dr Boll, a psychologist, shall not conduct a physical examination of the Plaintiff because a physical examination would be outside his area of expertise and the scope of the examination permitted by this order, and for the same reasons, testing shall be limited to neuro psychological testing and Dr Boll shall not subject Plaintiff Lyle Boyd Johnson to any diagnostic medical tests

8    <u>IMPROPER AREAS OF INQUIRY</u>  The purpose of the subject examination is to determine if the Plaintiff sustained a traumatic brain injury in the subject accident or otherwise has a psychological condition related to the subject accident  Such inquiry does not relate to a determination of the credibility of the Plaintiff  Accordingly, the examiner shall not opine on whether or not the Plaintiff is malingering or seeking secondary gain, all of which constitutes improper character and/or credibility evidence outside the scope of the DPE doctor's expertise  Likewise, any such comments about Plaintiff's bringing personal injury claims in general are improper  Such inclusions in a DPE report and during testimony are contrary to Florida law, including Fla Stat §90 404, §90 608-90 610, <u>Tingle v State</u>, 536 So 2d 202 (Fla 1988), <u>Mills v Red Wing Carriers, Inc</u>., 127 So 2d 453 (Fla 2nd DCA 1961), <u>Davis v State</u>, 527 So 2d 962 (Fla 5th DCA 1988), <u>Norris v State</u>, 525 So 2d 998 (Fla 5th

-6-

VFR3 SVJ

DCA 1988), and, Page v Zordan, 564 So 2d 500 (Fla 2nd DCA 1990)

9     ACCIDENT, MEDICAL AND PSYCHOLOGICAL HISTORY AND RECORDS  Plaintiff shall not be required to complete any questionnaires  Plaintiff shall not be required to answer any questions about the facts and circumstances of how the accident happened relating to fault  Plaintiff shall not be required to answer any questions regarding when Plaintiff hired an attorney, who referred Plaintiff to any particular doctor, what Plaintiff told police, ambulance drivers, hospital personnel or other doctors  Plaintiff shall not be required to answer questions regarding any prior accident except as they relate to the injuries sustained in this accident   Plaintiff shall not be required to answer questions regarding when he first complained, what Plaintiff told any particular doctor or when the Plaintiff saw any particular doctors  Dr  Boll may ask questions when Plaintiff first began to have psychological symptoms he claims he accrued from the subject accident  To the extent that any of this information may be relevant, it can be supplied to the compulsory examiner by the defense through medical records, depositions, answers to interrogatories or other discovery  Further, Plaintiff shall not be required to answer any questions regarding the facts and circumstances surrounding the motor vehicle accident  Past psychological history taken by the compulsory examiner shall be limited to psychological problems, if any, similar to those involved in the accident in question  Plaintiff shall not be required to answer questions regarding prior work history except as it relates to his present injury  Plaintiff shall not be required to answer any questions regarding any other issues or subject other than his psychological condition

10    WORK PRODUCT PRIVILEGE  The video tape of the examination shall be retained by counsel for the Plaintiff and shall be considered attorney's work product and not discoverable unless the work product privilege is waived  Provided however, in the event Plaintiff's

-7-

counsel lists the video tape as an exhibit for use at trial as direct evidence, for impeachment, or for other purposes, or if Plaintiff's counsel shows all or any portion of said video in examining a witness at deposition, the work product privilege shall be deemed to have been waived, and upon proper request by Defendant and payment of the reasonable copying charges for the video, a copy of the video shall be provided to defense counsel <u>McGarrah v Bayfront Medical Center, Inc</u>, 889 So 2d 923 (Fla 2nd DCA 2004) Plaintiff's counsel shall advise if Plaintiff plans to use the video within three (3) business days of receipt of Dr Boll's report

11    <u>ELKINS, BOECHER, SPRINGER COMPLIANCE</u>: As a condition to performing the compulsory neuropsychological examination, Dr Boll shall provide sworn answers to interrogatories permitted by <u>Elkins v Syken</u>, 672 So 2d 517 (Fla 1996), <u>Allstate v Boecher</u>, 733 So 2d 993 (Fla 1999) and <u>Springer v West</u>, 769 So 2d 1068 (Fla 5th DCA 2000) once propounded by Plaintiff

12    <u>COPY OF ORDER TO DEFENSE EXAMINER</u>  It shall be the responsibility of counsel for defendants to provide the doctor with a copy of this order and the Court's findings and request that the compulsory neuro psychological examiner comply with the terms of the Court's findings and order

5/12/08

George B Turner
Circuit Court Judge

I hereby certify that a true copy of the foregoing has been furnished by mail to Jerry D McGreal Esquire, 1824 S Fiske Blvd, Suite 2, Rockledge, FL 32955, Stephen M Smith, The Brain

-8-

VFR3 SVJ

9\9

Injury Law Center, 2100 Kecoughtan Road, Hampton, VA 23661, and  Kurt M  Spengler, Esquire

of Wicker, Smith, O'Hara, McCoy & Ford, PA, Post Office Box 2753, Orlando, FL 32802, this

_12_ day of May, 2008

JUDICIAL ASSISTANT

(051208)

STATE OF FLORIDA, COUNTY OF BREVARD
I HEREBY CERTIFY that the above and forgoing is a
true copy of the original filed in this office.
SCOTT ELLIS, Clerk Circuit and County Court
Dated _____ By _____ D.C.

-9-

VFR3 SVJ

RECEIVED AUG 2 2 2008

©COPY
20208
MWU
MAB
TW
VP

20208/MWV/ly

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL ACTION

GINA ROSE-MEUCCI,                               CASE NO.: 06-730-CA

                Plaintiff,

vs.

SAFELITE GLASS CORPORATION
and MICHAEL A BRIGHT, JR.,

                Defendants.

_____/

## ORDER ON REPORT OF MAGISTRATE
## ON: PLAINTIFF'S MOTION TO PRODUCE THE DEFENSE IME
## NEUROPSYCHOLOGISTS'S RAW DATA

THIS CAUSE is before the Court on the Report and Recommendations of the Magistrate
dated _August 20, 2008_ The Court, having reviewed and considered the findings of that
Report, and being advised that no exceptions to the Report have been waived as provided by
Fla.R.Civ.P. 1.490, it is

ORDERED AND ADJUDGED:

1.      The Report and Recommendations of the Magistrate dated _August 20, 2008_ and
attached hereto as Exhibit "A", is hereby ratified and approved.

2.      The Court adopts each and every finding and recommendation contained in the
Report of the Magistrate as the Order and Judgment of this Court, as if fully set forth herein
and made a part hereof.

3.      All prior Orders not inconsistent with this Order are reaffirmed.

DONE AND ORDERED this ___ day of August, 2008, in Naples, Collier County,
Florida.

                                        _____
                                        Honorable Hugh D. Hayes
                                        Circuit Court Judge

The original of this
document was signed
AUG 20 2008
by Hugh D. Hayes
Circuit Judge

Copies furnished to:

Marcus W. Viles, counsel for Plaintiff
Edward Gagain, counsel for Defendants

Exhibit 4

20208/MWV/ty

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL ACTION

GINA ROSE-MEUCCI,                                   CASE NO.: 06-730-CA

        Plaintiff,

vs.

SAFELITE GLASS CORPORATION
and MICHAEL A BRIGHT, JR.,

        Defendants.

_____/

## MAGISTRATE'S RECOMMENDATIONS ON PLAINTIFF'S MOTION TO PRODUCE THE DEFENSE IME NEUROPSYCHOLOGIST'S RAW DATA

THIS CAUSE having duly come before Magistrate McGarity on August 5, 2008, on Plaintiff's, GINA ROSE-MEUCCI, Motion to Produce the Defense IME Neuropsychologist's Raw Data, and having heard arguments of counsel, and considered the record, and being otherwise duly advised in the premises, the Magistrate recommends the following ORDERED AND ADJUDGED:

1.     The parties through their counsel consented to the August 5, 2008 Order of Referral to General Magistrate and have waived any exceptions to this Recommendation.

<u>Findings of Fact</u>

2.     A Neuropsychological IME was performed by Dr. Larrabee on Plaintiff. Plaintiff has Dr. Larrabee's report but seeks disclosure of Dr. Larrabee's "raw data." Defendants object to the disclosure on various grounds. The raw data which includes, but is not limited to, written questions and other stimuli and the Plaintiff's responses thereto, along with the doctor's subjective or objective notations and comments regarding the same, are potentially relevant facts or data, which allegedly provide bases for the doctor's opinions. Similarly, Dr. Hamilton and Dr. Lettner have raw data which is relevant to the defense for the same reasons set forth above.

1



<u>Conclusions of Law</u>

3.    The Court finds that Dr. Larrabee's raw data is discoverable under Rule 1.280, Florida Rules of Civil Procedure.

<u>Recommended Order</u>

4.    The Defendants shall produce documents responsive to Plaintiff's July 9, 2008 Request to Produce within twenty (20) days of the date of the Court's Order, including all raw data.

5.    Similarly, Dr. Hamilton and Dr. Lettner shall produce their raw data to Plaintiff who shall produce it to defense counsel within twenty (20) days of the date of the Court's Order.

6.    All such "raw data" shall be deemed strictly confidential and subject to this Court's protective order, and shall only be disclosed to the parties and their counsel, their expert witnesses or consultants, and filed with the Court only under seal. Appropriate measures shall be taken to insure the confidentiality of the raw data. At the conclusion of this litigation, the raw data disclosed under this Order shall be returned to Drs. Larrabee and Hamilton, respectively, within thirty (30) days.

    DONE AND ORDERED this ___ The original of this document was signed Naples, Collier County, Florida.

AUG 20 2008

by James M. McGarity III, MAGISTRATE
Magistrate James McGarity

Copies furnished to:

Marcus W. Viles, counsel for Plaintiff
Edward Gagain, counsel for Defendants

2

IN THE CIRCUIT COURT OF THE 18th
JUDICIAL CIRCUIT IN AND FOR
BREVARD COUNTY, FLORIDA

CASE NO. 05-2001-CA-008695-XXXX-XX

DIANA HEYING,

    Plaintiff,

vs.

CAROL A. BUCHERT and
NORMAN C. BUCHERT,

    Defendants.

## ORDER ON DEFENDANTS' MOTION FOR COMPULSORY NEUROPSYCHOLOGICAL EXAMINATION AND RESPONSE TO PLAINTIFF'S OBJECTION TO EXAMINATION

The Defendants' Motion For Compulsory Neuropsychological Examination And Response to Plaintiff's Objection to Examination having come on for hearing on the 5th day of May, 2005, and the Court having reviewed said motion and the Plaintiff's Response and Objection to Unauthorized Conditions in Defendant's Notice of Psychological Examination Pursuant to Florida Rule of Civil Procedure 1.360 pertaining to a neuro psychological examination of Plaintiff DIANA HEYING which Defendants desire to have conducted by Ernest Bordini, Ph.D. a licensed psychologist, Attorney James I. Knudson appearing on behalf of Plaintiff and Attorney Craig L. Brams appearing on behalf of Defendants, and the Court having heard argument of counsel, having reviewed an Affidavit by Dr. Bordini and attachments thereto served Plaintiff's counsel on May 4, 2005, relative to Dr. Bordini's objection to the attendance of a videographer or other representatives of the Plaintiff at the Rule 1.360 Fla.R.Civ.P. examination as well as Plaintiff's Motion To Strike The Affidavit of Ernest J. Bordini, Ph.D. also served May 4, 2005, and being otherwise duly advised in the premises;

Now Therefore, Upon Consideration, it is,

ORDERED AND ADJUDGED that:

1.    Defendants shall at their sole expense be entitled to have psychologist Ernest Bordini, Ph.D.

conduct a defense neuro psychological examination of Plaintiff Diana Heying pursuant to

Rule 1.360 Fla.R.Civ. P.  Provided however, the Court shall determine the length of the

examination per separate order after Dr. Bordini has reviewed the raw data from the treating

neuro psychologist  per Paragraph Four (4) herein after.

2.    Plaintiff may have a videographer and/or court reporter and/or attorney or other

representative attend the examination and record  the examination. See U.S. Security v.

Cimino, 754 So.2d. 697 (Fla. 2000), Broyles v. Reilly, 695 So.2d 832 (Fla 2nd DCA 1997),

Freeman v. Latherow, 722 So.2d. 885 (Fla 2DCA 1998) and Lunceford v. Florida Central

RailRoad Co., Inc., 728 SO.2d.1239 (5thDCA 1999). Further, pursuant to such legal authority,

there exist in this action  no case specific reasons to exclude from the examination Plaintiff's

videographer and/or court reporter and/or attorney or other representative.  The examination

site shall be in Brevard County, Florida and shall be selected  by counsel for the Defendants

who, in order to address the  concerns of Dr. Bordini and the Defendants regarding the

presence of the Plaintiff's representatives,  may elect to choose to select a site in Brevard

County, Florida having a one-way mirror or other site arrangements whereby the Plaintiff's

videographer and/or court reporter and/or attorney or other representative  may be located in

a room other than the examination room but fully able to observe, hear, video tape, and audio

record the examination using audio visual recording equipment, with Plaintiff Heying being

in their view and able to be heard at all times during the examination and Dr. Bordini being

in their view and able to be heard at all times he is present with Plaintiff Heying or otherwise

-2-

conducting the neuro psychological examination. Said third party observers are not to be excluded from observing or hearing any portion of the examination by Dr. Bordini. Alternatively, a site without a one way mirror may be chosen by Defendants and their counsel whereby the inanimate audio visual recording equipment may be in the room where the examination is conducted with the videographer and any other third parties in a separate room able to see, hear and record the examiner and Plaintiff examinee. The defense neuro psychological examiner shall not attempt to charge said individuals or Plaintiff a fee by reason of the attendance of such individuals or the audiovisual recording of the examination. Failure by the defense to arrange for a site which will accommodate remote viewing and recording of the examination shall result in the Plaintiff's observers having a right to be in the examining room with their audio visual recording equipment to observe and record the examination during all portions of the examination.

3.   The Defendants shall not be permitted to have a court reporter, videographer, attorney or other representative at the neuro psychological examination other than the defense neuro psychological examiner, Dr. Bordini, because such attendance would violate Plaintiff's right of privacy in this cause, and also, Defendants, their counsel and their expert shall not video or otherwise record the examination because the Defendants cannot do indirectly what they are not permitted to do directly. See Chavez v. J & L Drywall & Travelers Insurance Co., 858 So.2d 1266 (Fla. 1st DCA 2003).

4.   On or before Wednesday, June 1, 2005, or such other date as agreed to by the parties, and prior to the examination of Plaintiff by Dr. Bordini per Paragraph One (1) above, Thomas Peake Ph.D., of 1331 Bedford Drive, Melbourne, Florida 32940, a treating neuro

-3-

psychologist evaluating Plaintiff Diana Heying shall provide copies of all of his psychological records and raw data with respect to Diana Heying by U.S. Mail to Dr. Bordini at Clinical Psychology Associates of North Central Florida. P.A., 2121 NW 40th. Terrace, Suite B, Gainesville, Fl. 32605. Dr. Bordini shall review said records and raw data and determine if he feels he needs to conduct any further neuro psychological testing of the Plaintiff in order to evaluate the Plaintiff, and if Dr. Bordini believes any additional neuro psychological testing is necessary for him to evaluate the Plaintiff, then Defendants shall file a motion with this Court showing good cause to permit such further testing with a list of the test protocol Dr. Bordini proposes to administer to the Plaintiff. With respect to each proposed test in the test protocol, it shall be identified by the standard professional, commercial, trade or other common name customarily used by psychologists, and Dr. Bordini shall specify the professional purpose for each respective test he proposes to administer to the Plaintiff. The Court will expedite the hearing on any such motion.

5.     Dr. Bordini as a defense neuro psychological examiner should not identify himself or be identified during the examination or in his report as "independent", "appointed by the court", or by a like description which suggests impartiality on behalf of the selected defense examiner, and said expert's report shall not be titled or referred to as an "Independent Psychological Examination" or the like.

6.     Dr. Bordini, the examiner, shall prepare a written report of the neuro psychological examination and identify in his report all tests and related items he used or reviewed, and if applicable, performed with respect to the Plaintiff, and Dr. Bordini shall set forth in his report all test results and all of the doctor's findings, conclusions, diagnoses and expert opinions with respect to the Plaintiff.

-4-

7.     Upon completion of the report, Dr. Bordini will provide his Rule 1:360 Fla.R.Civ.P. report and copies of all raw data from testing reviewed, performed, or used by him as part of the evaluation of Plaintiff to Defendants' counsel or Plaintiff's counsel, including but not limited to copies of all notes, writings, tests, test results, test scores, test booklets, test questions, test scoring sheets and test protocols and any other items used in conducting, scoring and evaluating the tests.  If the report and raw data is provided only to defense counsel, then and in that event defense counsel shall within a reasonable time period after receipt of such report and raw data, provide copies of the expert's report and all such raw data to Plaintiff's counsel for review and use in this litigation by Plaintiff's counsel, Plaintiff's treating psychological experts or medical experts, and any consulting or testifying psychological or medical specially retained experts engaged by Plaintiff's counsel in this action.  In no event shall a copy of said report and any applicable raw data be provided to Plaintiff's counsel later than ninety (90) days prior to the start of the docket term within which this case is scheduled to go to trial or such date as is provided by the Court. Provided however, none of such raw data shall be provided by the examiner, counsel for the parties or anyone else to any other third parties not serving as counsel or experts in this action absent further order of this court permitting same. Further, all copies of the raw data shall be destroyed or returned to Dr. Bordini at the conclusion of this action, including any appellate proceedings.

8.     Dr. Bordini may verbally inquire of the Plaintiff examinee regarding her medical and psychological history as he would if Plaintiff were a patient, but any and all medical and psychological records which the defense desires for Dr. Bordini to review shall be provided by defense counsel, not Plaintiff's counsel, and Plaintiff shall not be required to bring any records to the examination; and further, Dr. Bordini, a psychologist, shall not conduct a

-5-

physical examination of the Plaintiff because a physical examination would be outside his area of expertise and the scope of the examination permitted by this order, and for the same reasons, testing shall be limited to neuro psychological testing and Dr. Bordini shall not subject Plaintiff Diana Heying to any diagnostic medical tests.

9.   The Court denies the Plaintiff's request to limit the inquiry regarding medical and psychological history by Dr. Bordini of Diana Heying during the examination to facts occurring during a period of time from on or after the date of the accident to the present time because the relevant history reasonably necessary to be included in a proper neuro psychological examination under Rule 1.360 Fla.R.Civ.P. is a matter within the expertise of neuro psychologists, not the Court, but this ruling shall not prevent the Plaintiff from filing a motion in limine or otherwise objecting at trial to any inquiry by the expert which the Plaintiff and her counsel feel is not proper for such examination and evaluation or inadmissible at trial. Provided however, the defense neuro psychological examiner shall not require Plaintiff to fill out any form questionnaires or question the Plaintiff on matters that are outside of those reasonably necessary to neuro psychologically examine and neuro psychologically evaluate a patient, and under no circumstances shall the defense neuro psychological examiner inquire regarding facts or other matters relating to fault with respect to the accident forming the subject matter of this action or other matters of a type regarding which the expert would not inquire as part of his standard neuro psychological examination and neuro psychological evaluation of his patients as a treating neuro psychologist. With respect to any such matters outside the scope of the expert's standard neuro psychological examination and evaluation of his patients, the Defendants and their counsel can provide Dr.

-6-

Bordini with copies of depositions and other such information which the Defendants desire

for Dr. Bordini to review as part of his examination and evaluation of Plaintiff.

10.   The video tape of the examination shall be retained by counsel for the Plaintiff and shall be

considered attorney's work product and not discoverable unless the work product privilege

is waived. Provided however, in the event Plaintiff's counsel lists the video tape as an exhibit

for use at trial as direct evidence, for impeachment, or for other purposes, or if Plaintiff's

counsel shows all or any portion of said video in examining a witness at deposition, the work

product privilege shall be deemed to have been waived, and upon proper request by

Defendant and payment of the reasonable copying charges for the video, a copy of the video

shall be provided to defense counsel.

DONE AND ORDERED in Chambers at Viera, Brevard County, Florida, this 20th day

of May, 2005.

ORIGINAL SIGNED BY
JUDGE BRUCE W. JACOBUS

Bruce W. Jacobus, Circuit Court Judge

I CERTIFY THAT a true copy of the foregoing order has been forwarded to James I.
Knudson, Knudson & McGreal, P.A., 1824 S. Fiske Blvd., Ste. 2, Rockledge, Florida 32955,
Attorney for Plaintiff and to Craig L. Brams, Esquire, Attorney for Defendants, 301 E. Pine Street,
Suite 700, Orlando, FL 32801 by U.S. Mail this 23rd day of May, 2005.

Judicial Assistant

1000442
(5/19/05)

–7–

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT,
IN AND FOR MARTIN COUNTY, FLORIDA

                                            CASE NO.  10-1624CA
                                            Honorable Judge James W. McCann

LAUREN RIVERA, individually and
SAILOR MURRAY, a minor, by and
through her Mother and Natural Guardian,
LAUREN RIVERA,

               Plaintiff,

vs.

JEREMY DYLAN PROPST, and individual,
and OSCAR EUGENE PROPST, an individual,

               Defendants.

_____/

### ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF RECORDS INCLUDING RAW DATA OF INDEPENDENT NEUROPSYCHOLOGICAL EXAMINATION

THIS CAUSE came on for consideration before this Court upon the Plaintiff's Motion to Compel Production of Records Including Raw Data of Independent Neuropsychological Examination scheduled for Wednesday, January 16, 2013 at 11:20 a.m., before the Honorable James McCann, and the Court having heard argument of counsel and being otherwise duly advised in the premises, it is hereby:

ORDERED AND ADJUDGED that the Plaintiff's Motion to Compel Production of Records Including Raw Data of Independent Neuropsychological Examination is hereby GRANTED IN PART as follows:

With respect to the neuropsychological evaluation of Plaintiff, LAUREN RIVERA, performed by Defense Expert neuropsychologist, Jacqueline Valdes, Ph.D.:

1.     Raw data or test materials involving responses by Plaintiff, LAUREN RIVERA, shall be turned over to Plaintiff, LAUREN RIVERA, in care of her counsel, within 10 days;

JAN 2 8 2013

2.      Raw data or test materials that do not contain responses directly by Plaintiff, LAUREN RIVERA, shall be provided only to Plaintiff's expert neuropsychologist or expert psychologist, within 10 days of the date at which Plaintiff's counsel discloses such an expert. This raw data or testing material is not to be shared with Plaintiff, LAUREN RIVERA or her counsel;

3.      Notes of Jacqueline Valdes, Ph.D., transcribed during her neuropsychological evaluation of Plaintiff, LAUREN RIVERA, or used to complete her report related to said evaluation, are not subject to disclosure;

4.      Any materials turned over by Jacqueline Valdes, Ph.D. to Plaintiff, LAUREN RIVERA, her counsel, or an expert witness on her behalf are confidential and shall not be divulged to third parties, disseminated, published, or filed and made part of the public court file absent a ruling by the court. Upon the conclusion of this litigation, all materials turned over by Jacqueline Valdes, Ph.D. to Plaintiff, LAUREN RIVERA, her counsel, or an expert witness on her behalf, are to be returned directly to Jacqueline Valdes, Ph.D. within 10 days from the date of the completion of the litigation in this case.

DONE AND ORDERED in Chambers, Stuart, Martin County, Florida, this _____ day of _____, 2013.

JAN 2 4 2013

JAMES W. McCANN
CIRCUIT JUDGE

_____
Honorable James McCann

Conformed Copies to:
Patrick Spellacy, Esquire, 275 Toney Penna Drive, Ste 1, Jupiter, Florida, 33458
Michael K. Beck, Esquire, 324 Datura Street, Suite 223, West Palm Beach, Florida 33401
Patrick J. Tighe, Esquire, 324 Datura Street, Suite 223, West Palm Beach, Florida 33401

BY: _____
        Judicial Assistant

2

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 06-05204 CA 09

ESPERANZA RODRIGUEZ and
RICARDO RODRIGUEZ,

Plaintiffs,

v.

U.S. PARKING LIMITED, INC.,

Defendant.

_____/

## ORDER GRANTING PLAINTIFFS MOTION TO COMPEL
## THE RELEASE OF RAW DATA AND TEST BOOKLETS

THIS CAUSE, having come before the Court on March 19, 2008, on Plaintiffs' Motion To

Compel The Release Of Raw Data And Test Booklets and the Court having heard argument of

counsel and being otherwise duly advised, it is:

ORDERED AND ADJUDGED as follows:

1.       Defendant's expert neuropsychologist, Dr. Bush, is hereby ordered to produce

to Plaintiff's attorney, a copy of Dr. Bush's Raw Test Data, answers, testing

books, and scoring sheets. No portion of the raw test data, answers, testing

books or scoring sheets shall be made available to third parties other than

experts for the Plaintiff or used for any purpose outside this litigation.

Further, the original and all copies of the raw test data, answers, and scoring

sheets, including those provided to parties' experts, shall be destroyed after

all appeals, if any, are concluded.

4436

2.        Dr. Bush shall be provided a check in the amount of $200.00 by counsel for

Plaintiff for production of the raw data.

3.        The raw data, answers, test booklets, and scoring sheets shall be delivered to

Gregg R. Schwartz, Esq. co-counsel for Plaintiff within 10 days of this order.


**DONE AND ORDERED** in Chambers, at MIAMI-DADE County, Florida on April _____,

2008.

Conformed Copy

MAY 0 5 2008

Thomas S. Wilson, Jr.
Court Judge

_CIRCUIT COURT JUDGE_


**COPIES FURNISHED TO:**
Gregg R. Schwartz, Esq.
Jami L. Gursky, Esq.
Dorothy Sims, Esq.

4437

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY FLORIDA                                              CIVIL ACTION

STEPHANIE RENEE GARCIA, Individually
and as Parent and/or Guardian of ANDREA
GARCIA-SMITH, a minor and RAFAEL
GARCIA-LANDA

        Plaintiffs,

vs.                              CASE NO.: 06-CA-001900

CENTRAL PARK/VOGUE LIMITED
PARTNERSHIP f/k/a RSG FAMILY
LIMITED PARTNERSHIP - VOGUE,
ISRAEL RAMOS and BARFIELD BAY
PROPERTIES, INC.

        Defendants,

and
BARFIELD BAY PROPERTIES, INC.

        Defendant/Third Party Plaintiff,

vs.

STACY LYNNE SMITH

        Third Party Defendant.
_____/

## ORDER

    **THIS CAUSE** having come on to be heard before me upon Plaintiffs' Motion to

Compel the Release of Dr. Kolitz' Raw Data and Testing Materials from Dr. Bigler to

Plaintiffs' Counsel for Use at Deposition and Trial and the Court having heard argument of

counsel, and being otherwise advised in the Premises, it is hereupon,

    **ORDERED AND ADJUDGED** as follows:

1.   Plaintiffs' Motion to Compel the Release of Dr. Kolitz' Raw Data and Testing

     Materials from Dr. Bigler to Plaintiffs' Counsel for Use at Deposition and Trial is

     hereby GRANTED.

2.  Dr. Erin Bigler is to release Dr. Brent Kolitz' raw data and testing materials in his possession to Plaintiffs' counsel.

3.  Upon conclusion of this case all of Dr. Kolitz' raw data and testing materials in Plaintiffs' possession will be destroyed.

**DONE AND ORDERED** in Chambers, at Fort Myers, Lee County, Florida, this ___7ᵀᴴ___ day of ___October___, 2008.

_____
Honorable Michael T. McHugh
Circuit Judge

Copies to:

Evan D. Lubell, Esquire
Mark C. Burton, Esquire
Kenneth M. Oliver, Esquire

Judicial Assistant

2

IN THE CIRCUIT COURT OF THE
20TH JUDICIAL CIRCUIT IN AND
FOR COLLIER COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 08-05836-CA

BARBARA SWORIN,

       Plaintiff,

v.

LARRY HARRIS,

       Defendant.

_____/

## ORDER ON SEPTEMBER 30, 2013
## STATUS CONFERENCE AND HEARING

    THIS CAUSE came before the Court upon:

1. Plaintiff's Motion for Summary Judgment on Liability;
2. Plaintiff's Motion for Preliminary Review of *Daubert* Challenge;
3. Plaintiff's Motion in Limine Regarding Elective Procedure Involving Pregnancy;
4. Plaintiff's Motion in Limine Regarding Barbara Sworin's Singular Hospitalization;
5. Plaintiff's Objections to Defendant's Second Supplemental Request for Production dated July 31, 2013;
6. Plaintiff's Motion to Permit Production of Records of Neuropsychological, Psychological and Neurological Examinations Including Raw Data, Test Booklets and Interpretation Materials; and
7. Status Conference

The Court having considered the record in this cause and being otherwise fully advised in the premises, it is:

    ORDERED AND ADJUDGED:

    1.    Plaintiff's unopposed Motion for Summary Judgment on Liability is GRANTED.

2.      Defense counsel did inform the Court on November 1, 2013 that a hearing for Preliminary Review of Defendant's *Daubert* Challenge to Dr. Randall Benson will be necessary and that hearing is set for January 13, 2014 at 9:30 a.m.

3.      The hearing for Preliminary Review of Defendant's *Daubert* Challenge to Dr. Randall Benson has been set as stated above and Defendant shall provide all hearing materials for this hearing to the Court and Plaintiff's counsel on or before November 25, 2013.  Plaintiff shall provide all hearing materials for this hearing to the Court and Defendant's counsel on or before December 15, 2013.

4.      Plaintiff's Motion in Limine Regarding Elective Procedure Involving Pregnancy is GRANTED.  Defense counsel and all defense witnesses are precluded from making any mention or interrogation, directly or indirectly, in any manner whatsoever, about Plaintiff's pregnancy.   All references in the medical records of Barbara Sworin regarding her pregnancy shall be redacted.

5.      Upon consideration of Plaintiff's Motion in Limine Regarding Barbara Sworin's Singular Hospitalization, the parties indicated they have come to an agreement that defense counsel may talk about the fact that the Plaintiff was hospitalized for depression.  The parties further agree to remove from the record any more particular description concerning an incident with Plaintiff's son after which she admitted herself to the hospital.

6.      Upon consideration of the Plaintiff's Objections to Defendant's Second Supplemental Request for Production dated July 31, 2013, the parties agree to confer on the issue and to have joint Bates-stamped exhibits prepared and offered into evidence.

7.     Upon consideration of Plaintiff's Motion to Permit Production of Records of Neuropsychological, Psychological and Neurological Examinations Including Raw Data, Test Booklets and Interpretation Materials, the motion is GRANTED.  Dr. Alan Raphael is to have materials available at the time of his deposition to be produced to Barbara Sworin and her attorney that include raw data, tests, testing materials including test booklets and blank forms, and test manuals.  The materials brought by Dr. Raphael will not be copied at the deposition.

Upon further consideration, Plaintiff's Motion to Permit Production of Records of Neuropsychological, Psychological and Neurological Examinations Including Raw Data, Test Booklets and Interpretation Materials is GRANTED with the following provisions:

1.     Within ten (10) days of this Order, Dr. Charles Golden, Dr. Alan Raphael and Dr. Kenneth Fischer shall produce to counsel for the respective opposing party and counsel for the party by whom they have been retained, exact copies of the testing materials and booklets used during all neuropsychological, psychological and neurological tests administered to Barbara Sworin. Specifically, testing performed by Dr. Charles Golden and Dr. Alan Raphael on July 19 and 20, 2011 and specifically, testing performed by Dr. Kenneth Fischer on July 9, 2013.  Cost of reproduction of Dr. Charles Golden, Dr. Alan Raphael and Dr. Kenneth Fischer's records to be borne by Plaintiff. Either party may request copies of all materials previously exchanged among Dr. Charles Golden, Dr. Alan Fischer and Dr. Kenneth Fischer.  Cost of reproduction of those materials shall be borne by party requesting that material.

2.     Within ten (10) days of this Order, Dr. Charles Golden, Dr. Alan Raphael and Dr. Kenneth Fischer shall produce to counsel for the respective opposing party and counsel for the party by whom they have been retained, exact copies of the raw data produced during all neuropsychological, psychological and neurological tests administered to Barbara Sworin. Specifically, testing performed by Dr. Charles Golden and Dr. Alan Raphael on July 19 and 20, 2011 and specifically, testing performed by Dr. Kenneth Fischer on July 9, 2013.  Cost of reproduction of Dr. Charles Golden, Dr. Alan Raphael and Dr. Kenneth Fischer's records to be borne by Plaintiff.  Either party may request copies of all materials previously exchanged among Dr. Charles Golden, Dr. Alan Fischer and Dr.  Kenneth Fischer.  Cost of reproduction of those materials shall be borne by party requesting that material.

3.      None of the testing materials or raw data produced will be filed with the Court.

4.      The testing materials and raw data produced will be kept confidential, used only for the purposes of this trial, and destroyed  at the end of trial in accordance with the direction of the producing neuropsychologist, psychologist and neurologist or returned to the producing neuropsychologist, psychologist and neurologist.  This includes all physical copies made by counsel for purposes of review by consultants as well as electronic copies (scans, PDFs, TIFFs, etc.) whether maintained by counsel, their consultant(s), or a litigation service (i.e., Precise or other trial database provider), on disc, hard drive or server.

5.      Copies of the produced materials may be made by counsel for use at trial or permitted for purposes of review by their consultants only but confidentially must be maintained. Consultants are not to make any further reproductions of the produced materials.

8.      Based upon the outstanding discovery, the Defendant's Amended Motion for Trial Continuance that was previously taken under advisement, is hereby GRANTED and this case has been removed from the November 4, 2013, trial docket.

9.      All discovery shall be completed on or before January 31, 2014 and mediation shall take place on or before February 4, 2014.

10.     Upon consideration of the Plaintiff's Objections to Defendant's Third Request for Production regarding impeachment materials, the parties agree the materials are to be provided to each other after the completion of expert depositions.

DONE AND ORDERED in Chambers, at Collier County, Florida, on this _____ day of November, 2013.

The original of this
document as signed

DEC 0 2 2013

_____

CYNTHIA A. PIVACEK, CIRCUIT JUDGE
by CYNTHIA A. PIVACEK
Circuit Court Judge

4

Copies furnished to:

Richard P. Morris, Esq.
Counsel for Defendant
Espirito Santo Plaza
1395 Brickell Avenue, 14th Floor
Miami, FL 33131
rmorris@fowler-white.com
lhernandez@fowler-white.com
jpennekamp@fowler-white.com
bhackney@fowler-white.com

Dianne J. Weaver, Esq.
Weaver & Weaver, P.A.
Co-Counsel for Plaintiff
12627 San Jose Blvd., Ste. 301
Jacksonville, FL   32223
dweaver@weaverandweaverlaw.com
domalley@weaverandweaverlaw.com

Stephen Mark Smith, Esq.
Brain Injury Law Center/Joseph Smith, LTD.
Co-Counsel for Plaintiff
2100 Kecoughtan Road
Hampton, VA   23661
ssmith@braininjurylawcenter.com
GDiaz@attorneys4injured.com

Dorothy Clay Sims, Esq.
Co-Counsel for Plaintiff
P. O. Box 3188
Ocala, FL   34478
DCS@ocalaw.com
CLY@ocalaw.com

Dennis M. O'Hara, Esq.
Adam G. Wasch, Esq.
Wicker Smith O'Hara McCoy & Ford, P.A.
Counsel for Defendant
515 East Las Olas Boulevard
SunTrust Center, Suite 1400
P. O. Box 14460
Fort Lauderdale, FL 33302
ftlcrtpleadings@wickersmith.com

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

TODD ALLEN SMITH, individually and
As next friend of his minor child,
AREAL SMITH,
       Plaintiff,

v.                                          CASE NO. 2009-CA-31047

ROBERT GIORDANO and
HERZOG CONTRACTING CORP.,
       Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION

This cause came on before the Court on the Plaintiff's Motion
to Compel Production of the test materials used in the compulsory
neuropsychological testing of the Plaintiff.  The Court notes that
the Guidelines of the National Academy of Neuropsychology, the
American Academy of Clinical  Psychological Association, and the
ethical consideration of the American Psychological Association,
along with Florida Administrative Code Ann. §64B19-18.004(3) and
§64B19-19.005(3) prohibit a psychologist from release of test data
such as test protocols, test questions, assessment-related notes,
or written answer sheets (otherwise known as "raw data") except:

       1)  to a licensed psychologist . . . or

       2)  after complying with the procedures set forth in Rule
64B19-19.005, F.A.C., and obtaining an order from a court or other
tribunal of competent jurisdiction, or

       3) when the release of the material is otherwise required
by law.

513271-v1

Case # 05-2009-CA-031047-XXXX-XX
Document Page # 178

016997952

2/2

The Court further notes that pursuant to <u>Florida Department of Transportation v. Piccolo</u>, 964 So.2d 773 (Fla. 2nd DCA 2007), the Court has discretion to determine the conditions of a compulsory examination, and protecting the integrity of the testing protocol is part of the Court's discretion, which must be balanced against the right of the Plaintiff to challenge any testing results. Accordingly, the Court finds that the Plaintiffs have demonstrated sufficient good cause for the Court to Order release of the "raw data" from the tests, however, the Court also finds that a balancing of the concerns of the Psychologist merits consideration. It is therefore,

ORDERED AND ADJUDGED as follows:

1.  Dr. Leli shall provide Plaintiffs' counsel with the "raw data" from the testing performed on Plaintiff by December 24, 2010.

2.  Plaintiff shall maintain the confidentiality of the "raw data" and shall not disseminate the data to any other person not a psychologist without further order of this court.

DONE AND ORDERED in Chambers, at Viera, Brevard County, Florida this 20 day of _____Dec_____, 2010.

_____
HONORABLE GEORGE B. TURNER
Circuit Court Judge

Conformed Copies:
Teresa D. Jones, Esquire
David R. Best, Esquire

STATE OF FLORIDA, COUNTY OF BREVARD
I HEREBY CERTIFY that the above and foregoing
is a true copy of the original filed in this office.
SCOTT ELLIS, Clerk Circuit and County Court
DATED 12/21/10  BY _____

513271-v1

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT IN AND
FOR BREVARD COUNTY, FLORIDA

CASE # 05-2013-CA-022582-XXXX-XX

CRAIG RUSSEL AND BRENDA RUSSELL,
      Plaintiffs,

v.

RAYMOND YOUNG, JR. AND WW
ENTERPRISES, LLC., A FLORIDA LIMITED
LIABILITY COMPANY,
      Defendant.
_____/

## ORDER ON ATTORNEY'S REQUEST TO POSSESS COPY OF
## NEUROPSYCHOLOGISTS TESTS AND RAW DATA

The issue has been raised in this case that a neuropsychologist retained by the Defense to conduct a compulsory neuropsychological examination of the Plaintiff is not ethically allowed to disclose the tests used in the examination and in the "raw data" to Plaintiff's counsel due to the ethical and conduct rules regulating the profession of psychology. The Court has heard and considered argument of counsel and the written data supplied, pro and con, in this Case as well as others on this identical issue.

An analysis must begin with looking at the regulating rules to discern the requirement and purpose of the rules.

According to the Official Statement of the National Academy of Neuropsychology, hereinafter NAN, approved by the NAN Board of Directors, October 13, 2003, based upon the 1992 APA Ethical Principles of Psychologists And Code of Conduct, Code 9.04:

> "Test data refers to raw and scaled scores, client/patient responses to test questions or stimuli and psychologists' notes and recordings concerning client/patient statements and behavior during an examination. Those portions of test materials that include client/patient responses are included in the definition of test data."

And Code 9.11:

> "Test materials "refers to manuals, instruments, protocols and test questions or stimuli and does not include test data" (as defined above)."

In "Test Security: An Update", Official Statement of the National Academy of
Neuropsychology approved by the NAN Board of Directors October 13, 2003, "test data"
is again defined as distinct from "test materials" and it is further stated:

> "Psychologists are instructed to release test data pursuant to a
> client/patient release unless harm, misuse, or misrepresentation of
> the materials may result, while being mindful of laws regulating
> release of confidential materials. Absent client/patient release, test
> data are to be provided only as required by LAW or COURT
> ORDER (emphasis supplied). In contrast, psychologists are
> instructed to make reasonable efforts to maintain the integrity and
> security of test materials and other assessment techniques
> consistent with such factors as law and contractual obligations."

In NAN Bulletin Volume 19, Number 1, 2004, the requirements of the Health
Insurance Portability and Accountability Act (HIPAA) position statement and the
position of Harcourt Assessment of Test Instruments are discussed.  It notes that Harcourt
considers its secured tests to be trade secrets, and confidential proprietary information.
The Bulletin distinguishes litigation use from the ordinary use by psychologists and
neuropsychologists and states  "Harcourt does not wish to impede the progress of legal
proceedings" but goes on to say when a legal proceeding reaches the stage where a Court
considers ordering the release of proprietary test materials to non-professionals such as
attorneys (*i.e.* not a psychologist or neuropsychologist), the request be made that the
Court issue a protective order prohibiting parties from making copies of the materials;
order the materials to be returned to the psychologist or neuropsychologist at the
conclusion of the proceedings; and require that the materials not be publicly available as
part of the record of the case.

In Glenn J. Larrabee, Ph.D., P.A.'s "Conditions For Videotaping, Audio
Recording, or Transcription of a Neuropsychological Evaluation", there is a concern
expressed as to test materials as well as other information.  In next to the last paragraph,
paragraph 5, he states:

> "… Further, nothing in this paragraph is intended to limit or to
> preclude attorneys of record from fully examining or cross-
> examining Plaintiff's treating or retained psychologist and Dr.
> Larrabee at deposition and trial regarding any aspect of their
> opinion, test results, data, or any other relevant matter."

Throughout the literature, the rules of ethics and code of conduct are qualified by the statement that the materials in issue may be disclosed to persons not psychologists or neuropsychologists if required by law or court order.

The publication of the American Psychological Association, "Ethical Principles of Psychologists and Code of Conduct", including 2010 amendments, Section 4.05, Disclosures, provides in (a), "Psychologists may disclose confidential information with the appropriate consent of the organizational client, the individual client/patient or another legally authorized person on behalf of the client/patient unless prohibited by law."

In Sections 9.04 and 9.11, further statements regarding release of test data and test security is qualified by "regulated" or required by law.

The issue being discussed in this *Order* have been anticipated by NAN, for in their Official Position Statement On Test Security, Archives of Clinical Neuropsychology, Volume 15, Number 5, July, 2000, pp. 383-386, the problem is recognized and solutions offered. The next to the last paragraph of the statement provides:

> "If a request to release test data or a recorded examination places the psychologist or neuropsychologist in possible conflict with ethical principles and directives, the professional should take reasonable steps to maintain test security and thereby fulfill his or her professional obligations. Different solutions for problematic requests for the release of test material are possible. For example, the neuropsychologist may respond by offering to send the material to another qualified neuropsychologist, once assurances are obtained that the material will be properly protected by that professional as well. The individual making the original request for test data (e.g., the attorney) will often be satisfied by this proposed solution, although others will not and will seek to obtain the data for themselves. Other potential resolutions involve protective arrangements or protective orders from the court. (See the attached addendum for general guidelines for responding to requests)."

In short, the concerns of psychologists and neuropsychologists are recognized by this Court. First, if the testing done is video or audio taped or otherwise recorded, there is a danger that the person being tested will not produce as valid a result as would be the case without any recording at all or at minimum, restrictions on the setting of the recording and persons actually present in the room when the testing and examination takes place.. Further, the tests and materials used, in some cases, were developed over a long period of

time and at great expense.  The concern is that if these materials are disseminated to persons or organizations not bound by the ethics and code of conduct of a psychologist or neuropsychologist, then the test or material could become invalidated by using it to coach or prepare an examinee to "beat" the testing and result in flawed and unreliable opinions on the part of the examiner.  These are valid concerns only if the tests and materials are disseminated to persons not involved or the public in general.

An article labeled *"Are Psychologists Hiding Evidence?"* A Need For Reform by Paul R. Lees-Haley, Ph.D. and John Courtney, Psy.D., published on the internet, indicates that many, if not most, of the tests used are available for anyone to purchase off the internet or from bookstores or publishers.  It further states "copies of copyrighted tests and test manuals are sent to the Library of Congress.  There, they are available to any Library patron who asks." Further statements of general availability to the public are made in the article.  Whether the representations made in the Article are true entirely or at all is not known but a copy has been presented to the Court in hearings.

NAN issued an Official Statement on October 14, 2003, titled *"Independent and Court-Ordered Forensic Neuropsychological Examination."* The paper clarified that the role of the examining neuropsychologist in a compulsory medical examination (CME) is different than a patient relationship in that the doctor is hired or retained by a third party, a law firm, insurance company, *etc.*  The neuropsychologist is not working for the person being examined, nor is the neuropsychologist the agent of the examiner, the third party seeking the examination for use at trial.  The goal is to determine the examined person's neuropsychological status as accurately as possible, objectively, whether or not the opinion may benefit or not benefit the examiner's case.  Thus, neuropsychologists do **not** have the same obligations to an examiner in an independent forensic examination as they do in a clinical examination.

Rule 1.360, Fla. R. Civ. P. states in pertinent parts:

(a)(1)(A) "When the physical condition of a party or other person under subdivision (a)(1) is in controversy, the request may be served on the plaintiff without leave of court after commencement of the action, and on any other person with or after service of the process and initial pleading on that party.  The request shall specify a reasonable time, place, manner, conditions, and scope of the examination and the person or persons by whom the examination is to be made. The party to whom the request is directed shall serve a response within 30 days after service of the

request, except that a defendant need not serve a response until 45
days after service of the process and initial pleading on that
defendant. The court may allow a shorter or longer time. The
response shall state that the examination will be permitted as
requested unless the request is objected to, in which event the
reasons for the objection shall be stated. If the examination is to be
recorded or observed by others, the request or response shall also
include the number of people attending, their role, and the method
or methods of recording.
      (B) In cases where the condition in controversy is not
physical, a party may move for an examination by a qualified
expert as in subdivision (a)(1). The order for examination shall be
made only after notice to the person to be examined and to all
parties, and shall specify the time, place, manner, conditions, and
scope of the examination and the person or persons by whom it is
to be made.
      (C)…
      (3) Upon request of either the party requesting the
examination or the party or person to be examined, the court may
establish protective rules governing such examination.

§90.705, Florida Statutes (2012) provides:

      Disclosure of facts or data underlying expert opinion.—
(1)  Unless otherwise required by the court, an expert may testify
in terms of opinion or inferences and give reasons without prior
disclosure of the underlying facts or data. On cross-examination
the expert shall be required to specify the facts or data.
(2)  Prior to the witness giving the opinion, a party against whom
the opinion or inference is offered may conduct a voir dire
examination of the witness directed to the underlying facts or data
for the witness's opinion. If the party establishes prima facie
evidence that the expert does not have a sufficient basis for the
opinion, the opinions and inferences of the expert are inadmissible
unless the party offering the testimony establishes the underlying
facts or data.

    The Court has considered the information provided by attorneys on the same issue
and has reviewed pertinent parts of the Ethics and Code of Conduct of psychologists and
neuropsychologists.  No appellate case law directly on these issues has been submitted.

    The Court finds that the issue raised by psychologists and neuropsychologists
regarding the conditions for a CME are valid issues and that a protective order should be
entered in those cases to maintain confidentiality, trade secret and proprietary information

from unauthorized disclosure. The protective order should include the following provisions:

(1) The Plaintiff's attorney, a videographer, a Court Reporter and/or other representative may attend the examination and record and videotape the examination. This mental examination may include testing and instructions for the conduct of the examination. The presence of any third person in the examining room may have an adverse effect on the conduct of the examination. The videographer or audiographer shall set up a camera or equipment in the examination room in a position to capture the Plaintiff and the examination but shall take care that it is not placed so as to distract Plaintiff from the testing so far as is reasonably possible, even though the CME is adversarial. The attorney, videographer or other Court Reporter and the attorney's associate or paralegal shall be stationed in another room adjacent to the examination room and may view the entire examination by use of a monitor or, if equipped, one way glass window so the person being tested/examined cannot view them. The attorney should not interrupt the examination or interfere with the examination even if the attorney believes the doctor is not following the letter or spirit of the Court's Order.. The issue of noncompliance is to be addressed by proper motion and the Court may order any sanctions required by justice, including not allowing the testimony of the noncomplying doctor, striking portions of the examination or other sanction.

(2) The neuropsychologist shall furnish a copy of his or her report and opinion to the Attorney for the Plaintiff within 30 days, along with a legible copy of the "test data" and "test materials" as defined herein by the materials referenced.

(3) The "test data" and "test materials" are or may be confidential, proprietary or a trade secret and the Attorney for the Plaintiff shall have the following obligations and responsibilities to maintain the confidentiality of the data and materials:

(a) The data and materials shall not be duplicated by copy machine, photography, scanning, electronically or in any other manner. The attorney is limited to one copy in addition to the copy provided Plaintiff's

expert witness to be called at trial to opine on the psychological condition of the Plaintiff.

(b) The data and materials shall be stored when not in actual use by the Attorney or designated paralegal, in a place in the Attorney's office where they may not be accessed by any person other than the Attorneys and paralegals working on the issues involving the testing done. When being reviewed by the Attorney or paralegal, measures shall be adopted to insure that other persons, office staff or other clients, do not have the opportunity to read or review the data and materials.

(c) The data and materials shall be bates stamped or otherwise numbered so that the exact number of pages can be ascertained for the purpose of return to the examining neuropsychologist at the conclusion of the trial and any appeal. The data and materials may be used at trial or deposition for the purpose of eliciting testimony of the expert psychologist or neuropsychologist witness or cross examination of that witness but shall not be offered into evidence unless deemed necessary and admissible by the Court and, if admitted into evidence, the Attorney offering it shall request it be sealed by the Court or otherwise not be accessible by the public.

(d) The data and materials shall not be disseminated to any person other than persons assisting the Plaintiff's Attorney to prepare for trial and at trial with the precautions described herein observed.

(e) The data and materials shall be returned to the psychologist or neuropsychologist providing them within five (5) business days after conclusion of the trial. If needed for any appeal, the Attorney may request they be provided again subject to the same conditions set forth herein and to be returned within five (5) business days after the last brief is filed.

Any psychologist or neuropsychologist expert being served with an order containing these provisions, within fifteen (15) days of service, through counsel, may file an objection thereto, specifying the portions objected to, and schedule the objection for hearing. If the expert determines that his interpretation of the applicable Ethics and Code

of Conduct prevents compliance with the order, the expert shall notify Plaintiff's attorney and the Court and Defendant may be required to select another expert to provide the CME.

The usual language in a CME order should be set forth by counsel such as not referring to the examination as an IME, but CME or DME; date and time with negotiated wait time spelled out; improper requests for medical history, statements or forms; limited medical history; furnishing X-rays, MRIs or similar exhibits; improper areas of inquiry by the examining psychiatrist or neuropsychiatrist; IME doctor only defense representative present at the CME; statements of plaintiff's right of privacy; work product privilege of audio and/or video recordings of the CME; and other issues between the parties regarding the accomplishment of the CME. If counsel are unable in good faith to enter into an agreed order, then the issues of disagreement may be submitted to the Court by letter or by scheduling a hearing.

This Order is entered to provide guidance on the parameters of the CME order to be entered in this case when a psychologist or neuropsychologist will be the examining doctor for the defense pursuant to Rule 1.360, Fla. R. Civ. P.

DONE and ORDERED at Viera, Brevard County, Florida, on the _24_ day of March, 2014.

Charles M. Holcomb
Senior Circuit Judge

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _24_ day of March, 2014 a true and correct conformed copy of the foregoing Order has been furnished via e-mail delivery to:

Joseph S. Gillin Jr, Attorney for Plaintiff
joseph@brevardjustice.com service@brevardjustice.com

Sonya S. Wesner, Attorney for Defendant
ORLMAIL@nationwide.com wesners@nationwide.com

Meghan Mackey, Judicial Assistant