UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY HAIRSTON,

    Plaintiff,

v.                                      CASE NO. 3:13-cv-1457-J-32JBT

ED NELSON TRANSPORT,
a Foreign Profit Corporation
and ED NELSON, Individually,

    Defendants.
_____/

### ORDER

**THIS CAUSE** is before the Court on Defendants' Amended Motion for Protective Order Regarding Deposition of Dr. Tannahill Glen ("Motion for Protective Order") (Doc. 63) and Plaintiff's Response thereto (Doc. 65), and Plaintiff's Motion to Compel Defense Expert Dr. Tannahill Glen to Attend Deposition ("Motion to Compel") (Doc. 66). For the reasons set forth herein, the Motion for Protective Order is due to be **GRANTED in part** and **DENIED in part**, and the Motion to Compel is due to be **TAKEN UNDER ADVISEMENT**.

    **I.**    **Admonition to Attorneys**

Because the Motion for Protective Order will be granted in part and denied in part, expenses will not be awarded to either side. However, it appears that the attorneys are not adequately conferring or otherwise cooperating during discovery as required. In fact, it appears that both motions might have been unnecessary had

the parties adequately conferred and cooperated regarding the subject issues.[1] Therefore, the attorneys are hereby reminded of their duty to cooperate during discovery, and to attempt to resolve all discovery disputes without Court intervention. *See S.L. Sakansky & Assocs., Inc. v. Allied Am. Adjusting Co. of Fla., LLC.*, Case No. 3:05-cv-708-J-32MCR, 2007 WL 2010860, at *1 (M.D. Fla. July 6, 2007) ("Discovery is intended to operate with minimal judicial supervision" and "should be practiced with a spirit of cooperation and civility."). The parties are also reminded (and warned) of the Court's general obligation (and willingness) to award expenses to the prevailing party on discovery motions, unless an exception applies. *See* Fed. R. Civ. P. 37(a)(5).

## II.   Motion for Protective Order

Defendants seek a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) which prohibits Dorothy Clay Sims, Esq. from appearing telephonically at the deposition of Defendants' expert, Dr. Tannahill Glen, and from using her cell phone or computer during the deposition. (Doc. 63 at 5.) Defendants argue this is necessary to prevent Ms. Sims from communicating with third parties during the deposition. (*Id.* at 1–5.) Defendants also seek to limit Dr. Glen's

---

[1] For example, it appears that Defendants' Motion for Protective Order was filed prematurely and without adequate conferral because Plaintiff actually agrees to much of the relief sought. The same is true for Plaintiff's Motion to Compel because Plaintiff does not yet know whether Defendants intend to produce Dr. Glen for the currently scheduled deposition, particularly once the Motion for Protective Order is decided. Moreover, Plaintiff's 16-page Response to the 6-page Motion for Protective Order is excessive and largely unnecessary because he does not oppose much of the relief.

deposition to four hours.  (*Id.* at 5.)

Plaintiff agrees that Ms. Sims will attend the subject deposition in person. (Doc. 65 at 2.)  Additionally, Plaintiff agrees that Ms. Sims will not communicate with or allow any third parties to listen in during the deposition.  (*Id.* at 6.)  Plaintiff also agrees that Ms. Sims will not use her cell phone during the deposition.[2]  (*Id.* at 13.)  However, Plaintiff argues that Ms. Sims should be permitted to use her computer and access the internet for purposes other than communicating with third parties, and that Dr. Glen's deposition should not be limited to four hours.  (*Id.* at 11–14.)

Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). However, "[t]he party requesting a protective order must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one."  *Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 636 (S.D. Fla. 2005).

It appears that Defendants seek to prohibit Ms. Sims from using a computer and/or the internet during the subject deposition only to ensure that she does not communicate with third parties.  (*See* Doc. 63.)  However, Plaintiff agrees that Ms.

---

[2] Plaintiff requests that "the same limitations be placed upon the defense and his witness."  (Doc. 65 at 13.)  This request for affirmative relief in the Response is inappropriate and will be denied.

Sims will not communicate with third parties during the deposition. (Doc. 65 at 6.) Therefore, Defendants have failed to show good cause for a protective order prohibiting Ms. Sims from accessing a computer, as well as the internet, for other purposes.

Additionally, Defendants have failed to show good cause to limit the deposition to four hours. In their two-sentence request, Defendants state that the case is not "overly complicated" and that a deposition of more than four hours would "only serve to harass Dr. Glen." (Doc. 63 at 5.) In support of these conclusory statements, Defendants rely on their argument that Ms. Sims' alleged communication with third parties during depositions is improper. (*See id.*) However, because Ms. Sims will not communicate with third parties during Dr. Glen's deposition, Defendants have not shown good cause for a protective order limiting the deposition to four hours.

### III. Motion to Compel

In the Motion to Compel, Plaintiff requests that the Court order Dr. Glen to attend the currently scheduled deposition, bring all materials specified in the notice thereof, and remain available until the deposition is concluded. (Doc. 66 at 6.) Defendants apparently oppose the Motion to Compel, but, except for the length of the deposition, it is unclear on what grounds or why. (*Id.* at 4.) In light of the Court's ruling on the Motion for Protective Order herein, the Court expects Defendants to produce Dr. Glen for the currently scheduled deposition and comply with all relevant rules and procedures. On or before June 8, 2015, Defendants shall respond to the

Motion to Compel or file a notice stating that they do not object to the relief requested in this motion.

Accordingly, it is **ORDERED**:

1. The Motion for Protective Order (**Doc. 63**) is **GRANTED** to the extent that Ms. Sims shall attend Dr. Glen's deposition in person, shall not access her cell phone during the deposition, and shall not communicate with or allow any third parties to listen in during the deposition.

2. The Motion for Protective Order (**Doc. 63**) is **DENIED** to the extent that Ms. Sims may access a computer, as well as the internet, during the deposition for any purpose other than communicating with third parties. Additionally, the deposition is not limited to four hours.

3. The Motion to Compel (**Doc. 66**) is **TAKEN UNDER ADVISEMENT**. **On or before June 8, 2015**, Defendants shall respond to the Motion to Compel or file a notice stating that they do not object to the relief requested in this motion.

**DONE AND ORDERED** at Jacksonville, Florida, on June 5, 2015.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record