**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CASE NO.: 3:13-cv-1457-J-32BT

**ANTHONY HAIRSTON,**

      **Plaintiff,**

vs.

**ED NELSON TRANSPORT,**
a Foreign Profit Corporation and
**ED NELSON, Individually,**

      **Defendants.**
_____/

**PLAINTIFF'S UNOPPOSED MOTION TO EXTEND DEADLINES FOR**
**_DAUBERT_ MOTIONS AS TO TARA MARCHAND**

Plaintiff, ANTHONY HAIRSTON, by and through his undersigned counsel, and pursuant to Rule 7 of the Federal Rules of Civil Procedure and Local Rule 3.01, respectfully requests this Honorable Court to enter an Order extending the deadline for *Daubert* motion as to Defense witness, Tara Marchand, and in support thereof submits the following:

**SUMMARY OF THE ARGUMENT**

Trial in this matter is currently set for the term commencing on October 5, 2015. The parties previously filed an Agreed Joint Motion to Extend Deadlines for *Daubert* and Dispositive Motions on or about June 11, 2015. This Honorable Court entered an Order on June 16, 2015, extending the time to file *Daubert* and dispositive motions to no later than July 15, 2015 as to Dr. Thomas Baker and Dr. Abraham Rogozinski. At the time the Agreed Motion was contemplated, drafted, and filed; it was anticipated that the deposition of witness, Tara Marchand would be completed prior to the June 15, 2015 *Daubert* deadline. Due to the

disagreement and delay regarding the deposition of Tara Marchand and due to the witness' childcare issues, her deposition has yet to be completed. Ms. Marchand's deposition has been initiated but it has not been completed. As a result, the Plaintiff would respectfully request this Honorable Court to extend the deadline to file this *Daubert* motion until July 15, 2015.

## FACTS

1. The deposition of Tara Marchand was taken telephonically by Dorothy Clay Sims on May 26, 2015 at 1 p.m. Ms. Marchand is a physical therapist who performed two Functional Capacity Evaluations of the Plaintiff.

2. Due to childcare issues, Ms. Marchand had to leave the deposition at approximately 5 p.m. and had to leave prior to the deposition being completed.

3. Both parties agreed to a continuance and the deposition was scheduled to be continued on June 10, 2015 at 9:15 a.m.

4. On June 10, 2015, Ms. Sims appeared for the deposition telephonically, as she did to the prior deposition. When Defense counsel arrived at the deposition, Defense counsel objected to Ms. Sims appearing telephonically and objected to the deposition going forward.

5. In an effort to have Ms. Marchand's deposition completed prior to *Daubert* and discovery deadlines, all parties agreed to continue Ms. Marchand's deposition the following day, June 11, 2015, when Ms. Sims was scheduled to be in Jacksonville, Florida for the deposition of Defense expert, Dr. Tannahill Glen.

6. During the discussions regarding the continuance of Ms. Marchand's deposition, it was noted on the record that Ms. Marchand would have to pick up her child and would

not be able to stay later than 5 p.m. Both parties agreed that the deposition would begin at 3:30 p.m. and would be over no later than 5 p.m. Both parties believed this would be ample time to conclude the deposition.

7. The deposition of Defense expert, Dr. Tannahill Glen was scheduled for June 11, 2015 at 9:00 a.m. It was anticipated by both parties that Dr. Glen's deposition would conclude at approximately 3:30 p.m.

8. Due to the length of Dr. Glen's deposition, the deposition of Ms. Marchand did not begin until after 4:00 p.m.

9. At approximately 4:57 p.m., the deposition ended prior to Ms. Sims being able to finish deposing Ms. Marchand and prior to Defense counsel being able to depose Ms. Marchand.

10. Both parties agreed to continue the deposition at a later date and are currently attempting to get this deposition scheduled.

11. Plaintiff's counsel has conferred with Defense counsel as to any objections they may have to this Motion. Defense counsel has stated they have no objections to the Court granting this extension.

## ARGUMENT AND MEMORANDUM OF LAW

12. Decisions regarding motions to continue are "within the broad discretion of the district court." Wells v. Cramer, 2009 WL 678102, at *3 (M.D. Fla. Mar. 12, 2009) aff'd, 399 F. App'x 467 (11th Cir. 2010).

13. In determining whether to grant a motion to continue, courts may consider whether the granting of the motion will cause prejudice to the non-moving party, Moreno-Perez v.

3

Toledo-Davila, 764 F. Supp. 2d 349, 351 (D.P.R. 2011), whether "newly discovered evidence may have a bearing on counsel's trial strategy," Id., and to what extent the granting of the continuance would inconvenience the court and parties. Wells, 2009 WL 678102 at *3 (M.D. Fla. 2009).

14. In the present matter, the granting of this motion would not prejudice or inconvenience any party, as both parties have already agreed to the motion. On the other hand, both parties would be prejudiced if the motion were not granted as Ms. Marchand's deposition has not been concluded and Ms. Marchand may be subject to having her opinions struck or limited pursuant to *Daubert*.

15. This Motion is not being offered solely for the purposes of delay, and the granting of it will not prejudice any of the parties.

16.  All parties involved herein have been consulted and consent to the entry of an Order extending the deadline to file a *Daubert* motion with respect to Tara Marchand in the above-styled cause of action until July 15, 2015.  The trial of this matter is set to commence during the October 5, 2015 trial docket.

**WHEREFORE**, Plaintiff respectfully requests this Court grant this Motion to Extend the Deadline for *Daubert* Motions to July 15, 2015, for the reasons set forth herein, and any other relief this Court deems equitable and just.

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Civil Procedure Rule 26 and Local Rule 3.01(g), undersigned certifies that he has conferred with Defense counsel, he has made a good faith effort to resolve this dispute without Court action, and Defense counsel has consented to the granting of this motion.

            **s/ Fraz Ahmed**

             Attorney

**LAW OFFICES OF ERIC S. BLOCK, P.A.**

**s/ Fraz Ahmed**

ERIC S. BLOCK
Florida Bar No.: 0915531
FRAZ AHMED
Florida Bar No.: 0025653
6817 Southpoint Parkway, Ste. 2502
Jacksonville, Florida 32216
TEL.: (904) 475-9400
FAX: (904) 475-9411
Attorneys for Plaintiff
Primary email: eservice@ericblocklaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished via electronic delivery to Ellis T. Fernandez, III, Esquire, et@fernandeztl.com; emy@fernandeztl.com; Pleadings@Fernandeztl.com and Sorena Fallin, Esquire, Pleadings@Fernandeztl.com; Sorena@Fernandeztl.com at 8780 Perimeter Park Court, Bldg 200, Jacksonville, FL 32216, Counsel for Defendants; and Christopher Johns, Esquire, Zachary Von Roenn, Esquire, Johns & Von Roenn, 4901 Atlantic Blvd., Jacksonville, FL 32207, zvonroenn@chrisjohnslaw.com, cjjaxlaw@yahoo.com; Counsel for Plaintiff, for this 18th day of June, 2015.

           **s/ Fraz Ahmed**

             Attorney