UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY HAIRSTON,

    Plaintiff,

v.                                    CASE NO. 3:13-cv-1457-J-32JBT

ED NELSON TRANSPORT,
a Foreign Profit Corporation
and ED NELSON, Individually,

    Defendants.
_____/

**ORDER**

      **THIS CAUSE** is before the Court on Defendants' Emergency Motion to Strike Plaintiff's Expert, James Butcher, Ph.D., or in the Alternative, Motion for Extension of Time ("Motion") (Doc. 81). For the reasons set forth herein, the Motion is due to be **STRICKEN without prejudice**, and Defendants' counsel shall **SHOW CAUSE** in writing why sanctions should not be imposed for the apparent unwarranted designation of the Motion as an emergency.

      Before filing the Motion, Defendants were required to comply with the Local Rules of this Court, particularly Local Rule 3.01(g). This Rule provides in relevant part:

> Before filing any motion in a civil case, except [motions not applicable], the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether

counsel agree on the resolution of the motion.

M.D. Fla. R. 3.01(g). With respect to Local Rule 3.01(g), the Court has noted that "[t]he purpose of the rule is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996). At least one judge in the Middle District of Florida has construed Rule 3.01(g) to mean to "speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, Case No. 6:98-cv-651-ORL-22A, 2000 WL 1658575, *2 n.1 (M.D. Fla. Aug. 14, 2000). Many disputes are more easily resolved when the parties actually speak with each other. Here, there is no indication that Defendants' counsel satisfied the requirement of Local Rule 3.01(g) by conferring with Plaintiff's counsel prior to filing the Motion.[1] Therefore, the Motion will be stricken without prejudice to refiling in accordance with this Order.

Additionally, the designation of the Motion as an "emergency" appears to be unwarranted. Local Rule 3.01(e) provides that "[t]he unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions." An "emergency" designation signals to the Court that it must abandon other pending matters in order to immediately address the "emergency." *See Onward Healthcare, Inc. v. Runnels*, Case No. 6:12-cv-508-Orl-37KRS, 2012 WL 1259074, at *2 n.3

---

[1] The Court previously reminded the parties of their duty to "adequately confer" prior to filing any motion. (*See* Doc. 67 at 1–2.)

(M.D. Fla. Apr. 13, 2012) ("The repeated, unwarranted designation of a motion as an emergency motion unfairly disfavors other litigants who, despite expeditious prosecution of each case and scrupulous attention to each local and federal rule of procedure, must wait patiently while the court disposes of a feigned emergency.") (quotations and citations omitted). The "emergency" designation is reserved for those circumstances which are *true emergencies*, and the decision to designate a motion as an "emergency" should not be made lightly.[2] Because the instant Motion appears to present no true emergency, Defendants' counsel shall show cause in writing why sanctions should not be imposed for the unwarranted designation of the Motion as an "emergency."

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 81**) is **STRICKEN without prejudice** to refiling, **on or before June 26, 2015**, after conferring with Plaintiff's counsel regarding the issues raised in the Motion.

2. **On or before June 26, 2015**, Defendants' counsel shall **SHOW CAUSE** in writing why sanctions should not be imposed for the unwarranted designation of the Motion as an "emergency."

---

[2] Defendants recently filed another "emergency" motion, which was withdrawn the following day. (*See* Docs. 71, 72, 74.)

**DONE AND ORDERED** at Jacksonville, Florida, on June 19, 2015.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record