UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:13-cv-1457-J-32BT

ANTHONY HAIRSTON,

    Plaintiff,

vs.

ED NELSON TRANSPORT,
a Foreign Profit Corporation and
ED NELSON, Individually,

    Defendants.
_____/

**DEFENDANTS' RESPONSE TO COURT'S ORDER TO
SHOW CAUSE DATED JUNE 19, 2015**

    **COME NOW** the Defendants, **ED NELSON TRANSPORT** and **ED NELSON**, by and through their undersigned counsel, and hereby file this Response to the Court's Order to Show Cause why Defendants should not be sanctioned for titling their Motion to Strike as "Emergency". In support thereof, the Defendants hereby submit the following:

1. On June 19, 2015, Defendants filed their Emergency Motion to Strike Plaintiff's Expert, James Butcher, Ph.D., or in the alternative, Motion for Extension of Time.

2. On June 19, 2015, the Court issued an Order to show cause in writing why sanctions "should not be imposed for the apparent unwarranted designation of the Motion as an emergency".

3. The Motion was filed with the Court as an emergency to allow issues related to Plaintiff's late disclosure of James N. Butcher, Ph.D., as an expert to be addressed prior to the deadline of filing a response to the Plaintiff's *Daubert* Motion on Defendants' expert, Dr. Tannahill Glen.

1

4. Specifically, Plaintiffs noticed James N. Butcher, Ph.D. as a newly designated expert for purposes of *Daubert* Proceedings Motions on Friday, June 12, 2015, one business day before *Daubert* Motions were due on Monday, June 15, 2015.

5. Due to the improperly late designation and notice of Dr. Butcher as a named expert, the Defendants are severely prejudiced if they are required to respond to Plaintiff's *Daubert* Motion without first having the Court address the Motion.  It was the Defendants' position the deadline to respond to the Motion was 14 days, and with such a shortened time, they would be required to prepare a response without having the knowledge whether the Court would allow the Affidavit of Dr. Butcher to stand.

6. The Court references *Onward Healthcare, Inc. v. Runnels,* Case No. 6:12-cv-508-Orl-37KRS, 2012 WL 1259074, at *2 n. 3 (M.D. Fla. April 13, 2012), where the Court ***cautioned counsel*** to take emergency motions seriously.  (Emphasis added).   However, the Court did not sanction the parties, but rather cautioned them against any further Motions being filed as an emergency.

7. In this Court's Order, it was referenced under Footnote 2, Defendants previously filed another Motion as an Emergency, but which was dismissed the following day.  That Motion was filed as an Emergency as the issues to be addressed was concerning a deposition, which was scheduled to take place the following day. The parties conferred with Plaintiff's counsel in accordance with the Rules prior to submitting the Motion to the Court, and were unable to agree to specific terms related to the deposition.  However, the parties were later able to resolve their issues, and the Defendants **immediately** notified the Court the following morning so as to allow the Court to address other pending matters.

8. Defendants have not repeatedly filed unwarranted motions designated as emergencies. Additionally, Defendants believed they would be severely prejudiced having to respond to a *Daubert* Motion without having the time to retain a separate expert and/or additional time to depose Dr. Butcher. Such a result would be prejudicial and would have placed them in a very difficult position as the Plaintiffs are seeking to strike their only named expert Neuropsychologist in this matter.

9. The *Daubert* Motion is highly contested and Plaintiffs will not agree to strike their own expert, Dr. Butcher. As such, these issues are those that would require immediate attention so as to prevent any improper striking of Defendants' expert as notice of Plaintiff's expert was untimely.

10. The Defendants respectfully request that sanctions not be sought against them as the Motion was filed as an emergency because it was believed it was an immediate issue that would need to be addressed so as to not severely prejudice their case. Sanctioning for the Court's first notification to the parties would be a severe punishment. *Russell-Brown v. University of Florida*, 2014 WL 4627385 (N.D. Fla. Sept. 15, 2014) (The Court sanctioned the Plaintiff after they specifically and emphatically warned the Plaintiff four separate times of filing an improper emergency motion.)

11. The emergency motion here was not intended to unnecessarily consume this Court's resources and/or to delay this litigation. Fed.R.Civ.P. 11(b)(1); Local Rule 3.01(e). In fact, Defendants were attempting to prevent any further delay of the litigation by immediately notifying the Court of their Motion to Strike.

12. Therefore, Defendants respectfully request this Honorable Court to not sanction the named parties for the reasons set forth above.

WHEREFORE, the Defendants respond to the Court's Order to show Cause and respectfully request this Honorable Court to not enter sanctions against the Defendants.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Electronic Mail on this 25th day of June, 2015 to Chris Johns, Esq. and Zachary Von Roenn, Esq. via zvonroenn@chrisjohnslaw.com; epleading@chrisjohnslaw.com and Eric S. Block, Esq. and Fraz Ahmed, Esq. via eservice@ericblocklaw.com.

        **FERNANDEZ TRIAL LAWYERS, P.A.**

        */s/ Sorena S. Fallin, Esquire*
        **E.T. FERNANDEZ, III, ESQUIRE**
        Florida Bar No. 371556
        **SORENA S. FALLIN, ESQUIRE**
        Florida Bar No. 019102
        8780-200 Perimeter Park Court
        Jacksonville, Florida  32216
        (904) 398-8008 (Phone)
        (904) 398-0332 (Fax)
        Attorneys for Defendants

*The following e-mail addresses are only for e-mail service pursuant to Fla. R. Civ. Pro. 1.080:*
Primary: Pleadings@Fernandeztl.com
Secondary: Sorena@Fernandeztl.com