**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CASE NO.: 3:13-cv-1457-J-32BT**

**ANTHONY HAIRSTON,**

**Plaintiff,**

**vs.**

**ED NELSON TRANSPORT,**
**a Foreign Profit Corporation and**
**ED NELSON, Individually,**

**Defendants.**

______________________________/

**MOTION TO STRIKE SURVEILLANCE INVESTIGATOR, BILL LANE, FROM DEFENDANTS' WITNESS LIST DATED JULY 1, 2015 AND MOTION TO STRIKE SURVEILLANCE VIDEO OF THE PLAINTIFF**

Plaintiff, ANTHONY HAIRSTON, pursuant to Fed.R.Civ.P. 37(c), respectfully requests this Honorable Court to enter of an Order striking surveillance investigator, Bill Lane, from Defendants' Witness List dated July 1, 2015 and striking the surveillance video of Plaintiff obtained by Defendants, and in support thereof submits the following:

1. Pursuant to Fed.R.Civ.P. 26(a)(1), Defendants filed their Mandatory Initial Disclosures on February 7, 2014.

2. The Defendants never supplemented or amended their Initial Disclosures to list any surveillance video or the name of the surveillance investigator.

3. On June 18, 2015, less than two weeks before the discovery deadline of July 1, 2015, Defendants produced to Plaintiff, a copy of surveillance video of the Plaintiff taken in **November and December of 2014**.

4. The Plaintiff specifically requested copies of all surveillance video from Defendants in his Second Request for Production dated September 16, 2014. *See* Exhibit "A." The Defendants responded to Plaintiff's Request for Production in October of 2014, objecting to the production of surveillance video based upon work-product privilege. *See* Exhibit "B." Further, as the surveillance was apparently performed in November of 2014 and December of 2014, the Defendants objection to the Plaintiff's Request for Production dated September 16, 2014 was entirely improper as no surveillance existed at that time. Additionally, the Defendants failed to comply with Fed.R.Civ P. 26(a)(5)(A), in that they failed to provide a privilege log describing the nature of the materials, once they were in possession of the surveillance video. Nor did the Defendants disclose that any surveillance ever existed until June 18, 2015.

5. The Defendants filed their Witness List on the day of the discovery deadline, July 1, 2015, which was the first time the name of the surveillance investigator, Bill Lane, was disclosed. As the day of the discovery deadline was the first time the name of the investigator was disclosed, the Plaintiff was left with no opportunity to depose or otherwise conduct discovery surrounding this witness and the surveillance conducted.

6. Most shockingly, the Defendants produced the surveillance video to their own retained experts, Dr. Tannahil Glen, and their retained compulsory medical examiner ("CME"), Dr. John Von Thron, before producing the surveillance to the Plaintiff. The Defendants clearly intended on using the surveillance but failed to timely disclose it and failed to timely disclose the name of the investigator.

7. By way of background, on October 7, 2014, Dr. Glen authored a report after administering a series of tests on the Plaintiff. The Defendants objected to producing any

of Dr. Glen's underlying data or documents relied upon by her in forming her opinions. The Plaintiff was required to obtain Court assistance compelling Dr. Glen to produce the basis upon which her opinions were formed including test manuals, raw data and test items. Dr. Glen's deposition took place on June 11, 2015. The first time the Plaintiff learned that any surveillance existed was during Dr. Glen's June 11, 2015 deposition. Much to Plaintiff's surprise, the Defendants intentionally produced the surveillance to Dr. Glen but failed to produce it to the Plaintiff. By providing the surveillance video to Dr. Glen, the Defendants clearly intended on using the surveillance and obviously intended on Dr. Glen to rely on the surveillance in forming her opinions. This is clearly intentional and nothing short of gamesmanship and trial by ambush. As further evidence of the Defendants' intent to use the surveillance video, the Defendants produced the surveillance video to their hired CME doctor, Dr. Von Thron, before it was produced to Plaintiff's counsel. Dr. Von Thron authored a supplemental CME report dated June 18, 2015 (less than 2 weeks before the discovery deadline) in which Dr. Von Thron offered new opinions and comments in relation to the surveillance video.

8. Additionally, the Defendants filed their Witness List on July 1, 2015, coincidentally the same day as the discovery deadline. This was the very first time the Plaintiff learned of the name of the investigator who conducted the surveillance. Being that the Defendants failed to disclose the name of the investigator until the same day as discovery deadline, the Plaintiff obviously had no ability to conduct discovery including interrogatories, request for production, or depositions in relation to the surveillance. Further, the Plaintiff is attempting to serve a subpoena upon the surveillance investigating company, but the Defendants are objecting to the service of that subpoena.

## ARGUMENT AND MEMORANDUM OF LAW

Pursuant to Rule 26(a), Fed.R.Civ.P, "...a party must, without awaiting a discovery request, provide to the other parties:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment
>
> (ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment"

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or was harmless. *See* Rule 37(c), Fed.R.Civ.P; *See also Forbes v. 21st Century Ins. Co.*, 258 F.R.D. 335 (D. Ariz. 2009). In *Forbes,* the Plaintiff provided a document the Plaintiff intended on using at trial ***on the last day of discovery. Id.*** at 338 (Emphasis supplied). The Court in *Forbes* prohibited the Plaintiff's use of the document due to the Plaintiff's failure to timely disclose the document. *Id.* at 339. Just like in *Forbes,* in the case at hand, even though the Defendants knew the name of the surveillance investigator in November 2014, the Defendants waited until the day of the discovery deadline to disclose the name of the investigator. Additionally, just like in the case at hand, the Plaintiff in *Forbes* did not disclose a witness in a timely fashion and the Court held the late disclosure was in violation of Rule 26,(a)(1)(A)(I), and prohibited the witness from testifying. *Id.; See also Edwards v. National Vision Inc.,* 568 Fed.Appx.854 (11th Cir. 2014) (It was within district court's

discretion to strike co-worker's declaration in African-American employee's Title VII race discrimination action against employer, since employee did not produce declaration and did not offer any explanation for her failure to produce it, and declaration was not harmless because it contained significant information that was relevant to whether employer discriminated and retaliated against employee).

"In determining whether the failure to disclose was justified or harmless, we consider the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. City of Hollywood*, 350 F. Appx. 328, 340 (11th Cir.2009). In the case at hand, the failure to disclose is not harmless as the surveillance is a significant piece of evidence in the instant matter. The surveillance is so important that the Defendants produced it to their two retained experts before ever producing it or disclosing it to the Plaintiff. This is trial by ambush. The Plaintiff was unable to depose Dr. Glen regarding the surveillance during her June 11, 2015 deposition because Dr. Glen had not yet reviewed the surveillance. The Plaintiff is severely prejudiced by the late disclosure of the surveillance given the significance of it and the inability to conduct proper discovery in relation to the surveillance. Further, because the name of the investigator was produced the same day as the discovery deadline, the Plaintiff could not conduct written discovery or take the necessary depositions in relation to the surveillance.

With regard to the Defendants' failure to supplement their discovery response, Rule 26(e), Fed.R.Civ.P. states, in relevant part:

"(1) In General.

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response;
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court."

In the case at hand, Plaintiff specifically requested copies of any and all surveillance footage from Defendants in his Second Request for Production dated September 16, 2014. Defendants responded to Plaintiff's Request in October 2014, even though it appears no surveillance existed at that time, objecting to the production of surveillance video based upon work-product privilege. The Defendants never supplemented their response either disclosing the fact that surveillance existed or the name of the individual(s) that conducted the surveillance or provided a privilege log. For those reasons alone, the surveillance video should be excluded and the surveillance investigator, Bill Lane, should be prohibited from testifying at trial. Further, due to the extremely late and untimely disclosure, Dr. Glen and Dr. Von Thron should be prohibited from testifying as to the contents of the surveillance.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court to enter an Order Striking the surveillance video of Plaintiff obtained by Defendants, prohibiting the surveillance investigator from testifying at trial, and prohibiting the Defendants' witnesses, including, Bill Lane, Dr. Glen, and Dr. Von Thron from testifying as to the contents of the surveillance, and for any other relief deemed just and proper.

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Civil Procedure Rule 26 and Local Rule 3.01(g), undersigned certifies that he has conferred with Defense counsel and made a good faith effort to resolve this dispute without Court action.

Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished via electronic delivery to **Ellis T. Fernandez, III, Esquire,** et@fernandeztl.com; emy@fernandeztl.com; Pleadings@Fernandeztl.com and **Sorena Fallin, Esquire,** Pleadings@Fernandeztl.com; Sorena@Fernandeztl.com at 8780 Perimeter Park Court, Bldg 200, Jacksonville, FL 32216, Counsel for Defendants; and **Christopher Johns, Esquire, Zachary Von Roenn, Esquire,** Johns & Von Roenn, 4901 Atlantic Blvd., Jacksonville, FL 32207, zvonroenn@chrisjohnslaw.com, cjjaxlaw@yahoo.com; Counsel for Plaintiff, for this 15th day of July, 2015.

Attorney

**LAW OFFICES OF ERIC S. BLOCK, P.A.**

**ERIC S. BLOCK**
Florida Bar No.: 0915531
**FRAZ AHMED**
Florida Bar No.: 0025653
6817 Southpoint Parkway, Ste. 2502
Jacksonville, Florida 32216
TEL.: (904) 475-9400
FAX: (904) 475-9411
Attorneys for Plaintiff
Primary email: eservice@ericblocklaw.com