UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY HAIRSTON,

    Plaintiff,

v.                                      CASE NO. 3:13-cv-1457-J-32JBT

ED NELSON TRANSPORT,
a Foreign Profit Corporation
and ED NELSON, Individually,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Defendants' Motion to Quash Plaintiff's Subpoena to Non-Party, Combined Investigators ("Motion") (Doc. 105) and Plaintiff's Response thereto (Doc. 110). The subject subpoena seeks information relating to surveillance of Plaintiff by a third-party investigator hired by Defendants. Defendants provided Plaintiff only with the surveillance footage they intend to use at trial, and argue that all other information sought constitutes work product. (Doc. 105.) Plaintiff argues that much of the information is not work product, and that, to the extent it is, he is still entitled to it pursuant to Federal Rule of Civil Procedure 26(b)(3) because he has substantial need for it and cannot obtain its equivalent. (Doc. 110.)[1]

Federal Rule of Civil Procedure 26(b)(3)(A) provides in relevant part:

    Ordinarily, a party may not discover documents and

---

[1] Plaintiff also argues that Defendants failed to provide a privilege log. (Doc. 110 at 2.)

> tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Even assuming the information sought is work product, Plaintiff meets the aforementioned standard at least with regard to the actual surveillance footage requested. *See, e.g.*, *Bachir v. Transoceanic Cable Ship Co.*, Case No. 98 Civ. 4625 JFK HBP, 1998 WL 901735, at *1–2 (S.D.N.Y. Dec. 28, 1998) (holding that, although work product, "all surveillance video-tapes should be produced, whether or not defendant intends to offer them at trial," because "personal injury plaintiffs in general have a substantial need for any surveillance evidence when preparing their cases for trial," and because "surveillance evidence, available only from the one who obtained it, fixes information available at a particular time and place under particular circumstances, and therefore cannot be duplicated") (quotations omitted)*; Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 150 (S.D. Ind. 1993) ("[C]ourts which have considered this specific issue have, for the most part, allowed discovery of all surveillance films, including non-evidentiary tapes, prior to trial.").

In short, Defendants created Plaintiff's substantial need for all of the

surveillance by intending to use a portion of it. *See Bachir*, 1998 WL 901735, at *1 ("Videotape surveillance evidence can have a profound impact on a jury. And just as [there] is a risk that a plaintiff who views the videotape prior to his deposition may alter his deposition testimony to conform to the videotape, there is an equal risk that permitting selective disclosure by a defendant may result in the fact finder seeing only those portions that support the defendant's position."). Therefore, Combined Investigators must produce "[a]ny and all surveillance videotapes and/or photographs for any surveillance performed on the Plaintiff in this matter, Anthony Hairston," and "[a]ll complete, original, unedited unaltered surveillance footage of the Plaintiff, Anthony Hairston" as requested in paragraphs 1 and 3 in Schedule A of the subject subpoena. (Doc. 105 at 15–16.)

Moreover, with the exception of the identities of "all claimants and/or Plaintiffs surveilled by [Combined Investigators] at the request of any member of the Fernandez Trial Lawyers law firm in the last three years," it appears that Plaintiff has a "substantial need for the [other subpoenaed] materials to prepare [his] case and cannot, without undue hardship, obtain their substantial equivalent by other means." *See* Fed. R. Civ. P. 26(b)(3)(A). *See also Welle v. Provident Life and Accident Ins. Co.*, Case No. 3:12-cv-3016 EMC (KAW), 2013 WL 6020763, at *3 (N.D. Cal. July 31, 2013) (holding that "some of the documents in the [surveillance] file are discoverable even though they are work product" because "Plaintiff does not have any other way to obtain the factual information that [Defendant] found during its

surveillance and investigation of her," and because "Plaintiff has substantial need for this information").

The remaining paragraphs of Schedule A to the subpoena, which essentially request the investigator's entire case file, all appear relevant to the accuracy and reliability of the subject surveillance. Moreover, the "substantial need" and no "substantial equivalent" tests appear satisfied because Defendants have placed the surveillance in issue and Plaintiff has no other means to obtain the subject information. Therefore, the Court is inclined to require production of all information other than that sought in paragraph 8 of Schedule A.

However, the Court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). Because it is unclear whether any part of the investigator's file may implicate this provision, the Court will order the parties to confer as directed below.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 105**) is **DENIED in part** to the extent that Combined Investigators must produce the information sought in paragraphs 1 and 3 in Schedule A of the subject subpoena **on or before August 20, 2015**.

2. The remainder of the Motion (**Doc. 105**) is **TAKEN UNDER ADVISEMENT**.

3. The parties shall confer in person or by telephone regarding the

4

remainder of the Motion as directed herein. Defendants must produce a specific privilege log if they still contest the production of any subpoenaed materials. **On or before August 20, 2015**, the parties shall file a joint notice stating what, if any, issues remain regarding the Motion. If any issues remain, each side shall briefly state its position regarding the same, and Defendants shall attach their privilege log.

**DONE AND ORDERED** at Jacksonville, Florida, on August 10, 2015.

*Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record