UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY HAIRSTON,

    Plaintiff,

v.                                        CASE NO. 3:13-cv-1457-J-32JBT

ED NELSON TRANSPORT,
a Foreign Profit Corporation
and ED NELSON, Individually,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the following:

    1.    Defendants' Motion to Quash Plaintiff's Subpoena to Non-Party, Combined Investigators ("Motion to Quash") (Doc. 105) and Plaintiff's Response thereto (Doc. 110); and

    2.    Defendants' Motion to Alter Judgment of Order Denying in Part and Taking Under Advisement Defendants' Motion to Quash, which the Court construes largely as a Motion for Reconsideration ("Motion for Reconsideration") (Doc. 115), and Plaintiff's Response thereto (Doc. 119).[1]

For the reasons set forth herein, the Motion to Quash is due to be **GRANTED** to the extent it was previously taken under advisement, and the Motion for Reconsideration is due to be **DENIED**.

---

    [1] As explained further herein, some of the arguments raised in the Motion for Reconsideration address subpoena items on which the Court has not yet definitively ruled. Therefore, the Court will consider these arguments *de novo*.

**I.      Background**

The subpoena at issue in the Motion to Quash seeks information relating to surveillance of Plaintiff by a third-party investigator hired by Defendants.[2] Defendants provided Plaintiff only with the surveillance footage they intend to use at trial, and argued in their Motion to Quash that all other information sought, including surveillance footage they do not intend to use, and the investigator's case file, constitutes work product.  (Doc. 105.)  In its August 10, 2015 Order denying in part and taking the remainder of the Motion to Quash under advisement ("Order") (Doc. 113), the Court determined that, even assuming the information sought is work product, all of the remaining surveillance footage is discoverable because Plaintiff meets the standard set forth in Federal Rule of Civil Procedure 26(b)(3)(A) necessary to overcome any work product protection as to that footage.[3]  (Doc. 113 at 2–3.)  Therefore, the Court ordered that the remaining surveillance footage be

---

[2] For ease of reference, Schedule A of the subpoena is attached to this Order.

[3] Federal Rule of Civil Procedure 26(b)(3)(A) provides in relevant part:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).  But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

produced. (*Id.* at 4.)

Additionally, the Court indicated that it was inclined to order production of the remainder of the information sought in the subpoena, except for paragraph 8 of Schedule A.[4] (*Id.* at 3.) However, because the parties had not adequately addressed the remaining file materials, and Defendants had not produced a privilege log, the Court took this portion of the Motion to Quash under advisement. (Doc. 113 at 4–5.)

In the Motion for Reconsideration, Defendants not only seek reconsideration of the ruling requiring production of all surveillance footage, but also raise new arguments in support of their position that the remainder of the investigator's file is not discoverable. They also request that they not be required to produce a privilege log until the Court rules on these file materials.

## II.   Surveillance Footage

### A.   Reconsideration Standard

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *United States v. Edler*, Case No. 13-60168-CR, 2013 WL 4543695, at *1 (S.D. Fla. Aug. 27, 2013). "The three primary grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent

---

[4] Paragraph 8 requests "[a] list of all claimants and/or Plaintiffs surveilled by your company at the request of any member of the Fernandez Trial Lawyers law firm in the last three years." (Doc. 105 at 15.)

manifest injustice." *Fenello v. Bank of Am., NA*, 577 F. App'x 899, 903 n.7 (11th Cir. 2014) (quoting *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010)). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quotations omitted). "This prohibition includes new arguments that were previously available, but not pressed." *Id.* (quotations omitted). "Denial of a motion to amend [a judgment] is especially soundly exercised when a party gives no reason for not previously raising an issue." *Id.* (quotations omitted).

### B.     Analysis

Preliminarily, Defendants' "Motion to Alter Judgment" is mistitled since no judgment has been entered. More importantly, Defendants articulate no variation of the correct standard set forth above. Thus, it is unclear on what ground(s) they seek reconsideration. They do not argue an intervening change in the controlling law, the availability of new evidence, or manifest injustice. To the extent Defendants argue that the Court's prior Order is clearly erroneous, their argument fails. At most, Defendants can show only that courts have reached different results when confronted with the issue presented.

Initially, Defendants are correct that all information sought in the subject subpoena is considered work product. *See Roa v. Tetrick*, Case No. 1:13-cv-379, 2014 WL 695961, at *3 (S.D. Ohio Feb. 24, 2014) ("[T]he surveillance videos and

related information constitute work product under Rule 26(b)(3)(A).") (collecting cases). However, regarding their work product arguments as they relate to the surveillance footage, it appears that Defendants are simply attempting to relitigate an issue already decided by reasserting the same basic arguments that the Court has previously rejected.[5]  *See Wilchombe*, 555 F.3d at 957.  First, Defendants continue to rely on *Angelucci v. Government Employees Insurance Co.*, Case No. 3:08-cv-660-J-20MCR, 2011 WL 4809146 (M.D. Fla. Oct. 11, 2011), for the proposition that only the surveillance footage Defendants intend to use at trial is discoverable.  However, the unusual facts presented in *Angelucci* may render it distinguishable. Specifically, *Angelucci* involved the surveillance of a plaintiff before an initial trial, and again later before a retrial.  *See id.*  Consequently, unlike in the present case, in that case there was a two-year gap and an intervening trial between the first and second surveillance.  *See id.*  Thus, *Angelucci* may be distinguishable.

Regardless, to the extent *Angelucci* is not distinguishable, that non-binding decision does not render the Court's prior Order "clearly erroneous."  As noted in that Order, "courts which have considered this specific issue have, for the most part, allowed discovery of all surveillance films, including non-evidentiary tapes, prior to trial." *Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 150 (S.D. Ind. 1993).

---

[5] To the extent Defendants raise any new variations of their previous work product arguments, any such arguments could have been raised in the Motion to Quash, and Defendants provide no justification for failing to do so.  Therefore, any such arguments are rejected.  *See Wilchombe*, 555 F.3d at 957.

Merely establishing that other judges may have decided a similar issue differently is insufficient to warrant reconsideration under the aforementioned standard.

Additionally, regarding Defendants' argument that Plaintiff has not shown a substantial need for the materials, the Court finds the case cited in its previous Order more persuasive than those cited by Defendants. *See Bachir v. Transoceanic Cable Ship Co.*, Case No. 98 Civ. 4625 JFK HBP, 1998 WL 901735, at *1–2 (S.D.N.Y. Dec. 28, 1998) (holding that, although work product, "all surveillance video-tapes should be produced, whether or not defendant intends to offer them at trial," because "personal injury plaintiffs in general have a substantial need for any surveillance evidence when preparing their cases for trial," and because "surveillance evidence, available only from the one who obtained it, fixes information available at a particular time and place under particular circumstances, and therefore cannot be duplicated") (quotations omitted). Again, even assuming the cases cited by Defendants may support their position, merely establishing that some district courts may have decided a similar issue differently does not render the prior Order "clearly erroneous" or otherwise warrant reconsideration.

Further, Federal Rule of Evidence 502(a) provides:

> When the disclosure [of a communication or information covered by the attorney-client privilege or work-product protection] is made in a federal proceeding . . . and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if:

      (1) the waiver is intentional;

      (2) the disclosed and undisclosed communications or information concern the same subject matter; and

      (3) they ought in fairness to be considered together.[6]

In this case, Defendants have intentionally waived work product protection as to the surveillance footage they intend to use at trial. The remainder of the surveillance clearly concerns the same subject matter as that already produced, and the Court finds that, in fairness, all surveillance should be considered together. Defendants should not be allowed to selectively disclose only the surveillance that they think helps them, and hide the rest. *See Kallas v. Carnival Corp.*, Case No. 06-20115-CIV, 2008 WL 2222152, at *5 (S.D. Fla. May 27, 2008) ("[A] party cannot use work product as a sword and at the same time invoke the work product doctrine as a shield to prevent disclosure of the same or related materials.") (citing *In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 472–73 (S.D.N.Y. 1996)); *Harding v. Dana Transp., Inc.*, 914 F. Supp. 1084, 1098 (D.N.J. 1996) ("[L]itigants must not manipulate the work product doctrine for their own benefit by attempting to selectively disclose their attorney's work product."). Therefore, the waiver of work product protection extends to all surveillance. *See Roa*, 2014 WL 695961, at *4 ("In fairness, plaintiffs should be given the opportunity to examine [photographic or audio

---

[6] Despite the clear applicability of this rule to the situation presented, Defendants failed to bring it to the Court's attention in either the Motion to Quash or the Motion for Reconsideration.

7

information or materials taken in conjunction with the surveillance] to prevent the potential for selective and misleading presentation of the evidence.") (citing Fed. R. Evid. 502(a)(3)).  Thus, the Court adheres to its previous decision that all items sought in paragraphs 1 and 3 of Schedule A of the subpoena must be produced.  (Doc. 113 at 4.)

### III.     Remainder of the Information Sought

In addition to their argument that the information is privileged, Defendants argue for the first time in the Motion for Reconsideration that the remainder of the information sought is irrelevant, and that the requests are overbroad and unduly burdensome.  Because the Court has not yet definitely ruled on the discoverability of this information, these arguments do not seek reconsideration of the Court's prior Order.  Therefore, the Court will consider these arguments *de novo*.[7]

Although the Court indicated in its prior Order that it was inclined to order production of the remaining information sought in Schedule A of the subpoena, except for paragraph 8 thereof, upon further review, the Court finds that Plaintiff is entitled only to the remaining surveillance previously ruled on, and not to the remaining file materials. Defendants' new arguments are not convincing but Plaintiff has brought Rule 502 to the Court's attention.  Upon consideration of this rule, the

---

[7] The Court does not condone Defendants' failure to raise these arguments in the Motion to Quash.  However, because Plaintiff has responded to these arguments and does not challenge their timeliness, and because the Court's prior Order did not explicitly preclude further argument on the issues taken under advisement, the Court will consider Defendants' new arguments.  (*See* Docs. 113 & 119.)

Court finds that Defendants have not waived work product protection as to the remaining file materials.[8]  Further, Plaintiff has not shown a substantial need for any of the remaining file materials.

First, by producing to Plaintiff a portion of the surveillance footage, Defendants have not waived work product protection as to the remainder of the information in the surveillance file pursuant to Federal Rule of Evidence 502(a).  Even assuming that the remaining information concerns the same subject matter as the surveillance footage, Plaintiff has made no sufficient showing that any of this information should, in fairness, be considered together with all surveillance footage.  Therefore, Defendants have not waived work product protection as to the remaining information. *See Roa*, 2014 WL 695961, at *5 ("Plaintiffs have not presented any legal authority demonstrating they are entitled to [documents in the surveillance file] or why in fairness they ought to be considered along with the video and photographic evidence.") (citing Fed. R. Evid. 502(a)(3)).

---

[8] At this point, all Defendants have done is produce some surveillance footage.  This is insufficient to waive work product protection as to all remaining file materials.  Although Defendants have listed an investigator as a witness, they have also stated that "Defendants do not intend to call any investigator from Combined Investigators to testify in this matter if the Plaintiff will admit that the person appearing in the surveillance videos is himself; Defendants have no other purpose for calling such a witness other than to authenticate the identification of the Plaintiff." (Doc. 115 at 2.)  This is insufficient to waive work product protection as to any subject file materials.  However, if Defendants go beyond what they have stated, it is possible that the waiver of work product protection could extend beyond only the surveillance footage.  *See Kallas*, 2008 WL 2222152, at *4 ("[W]hen the party claiming the privilege uses an investigator . . . as a witness and then attempts to prevent discovery of notes or other materials prepared by the investigator . . . *on the subject of his or her testimony*, it is settled that the privilege is waived.") (emphasis added).  However, this issue is not presently before the Court.

Additionally, Plaintiff has made no sufficient showing of substantial need for any additional information as required to overcome work product protection, particularly since Plaintiff will possess all of the surveillance footage. *See Roa*, 2014 WL 695961, at *5 (denying the plaintiffs' request for documents in the surveillance file in part because "plaintiffs have not demonstrated a substantial need for such evidence") (citing Fed. R. Civ. P. 26(b)(3)).  Therefore, the remaining information sought in Schedule A of the subpoena need not be produced.

Accordingly, it is **ORDERED**:

1. The Motion for Reconsideration (**Doc. 115**) is **DENIED**. The information sought in paragraphs 1 and 3 of Schedule A of the subpoena must be produced to Plaintiff **on or before October 5, 2015**.

2. The Motion to Quash (**Doc. 105**) is **GRANTED** to the extent it was previously taken under advisement. The remaining information sought in Schedule A of the subpoena need not be produced.

**DONE AND ORDERED** at Jacksonville, Florida, on September 25, 2015.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Attachment:

Schedule A of the Subpoena

Copies (w/ Attachment) to:

Counsel of Record