UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY HAIRSTON,

      Plaintiff,

v.                                  CASE NO. 3:13-cv-1457-J-32JBT

ED NELSON TRANSPORT,
a Foreign Profit Corporation
and ED NELSON, Individually,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Motion to Compel ("Motion") (Doc. 127) and Plaintiff's Response thereto (Doc. 132).  For the reasons set forth herein, the Motion is due to be **GRANTED**.[1]

### I.    Background

During the deposition of Chad Wakeham, Plaintiff's manager at the time of the subject accident, Mr. Wakeham testified that Plaintiff left work early on a weekly basis for chiropractic treatment from October 2007 through June 16, 2011, the date of the subject accident. (Doc. 127 at 1.) In response to previous discovery requests, Plaintiff disclosed to Defendants that he had received treatment from two chiropractors prior to the subject accident.  (*Id.* at 2–3.)  However, the limited

---

[1] Although the Court is granting the Motion, it will not award expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) because Plaintiff's position was substantially justified.

chiropractic records obtained by Defendants reveal that Plaintiff did not treat with either of the disclosed chiropractors from October 2007 through June 2011.  (*Id.* at 3.)

## II.    Analysis

Defendants argue that, based on Mr. Wakeham's testimony, "it is apparent that there are records of chiropractic treatment that have not been produced to the Defendants."  (*Id.*)  Defendants now seek to compel Plaintiff to sign a medical authorization for all chiropractic records so that they may obtain any additional records by canvassing all chiropractors in the Jacksonville area.  (*Id.* at 5.)  Plaintiff does not contest that Defendants are entitled to his medical records, but asserts that he did not treat with any additional chiropractors, and therefore Mr. Wakeham is simply mistaken.  (Doc. 132 at 1, 7.)  Additionally, Plaintiff argues that Defendants must obtain any such records using traditional discovery methods allowed under the Federal Rules of Civil Procedure.  (*Id.* at 2.)

"The Eleventh Circuit has not directly addressed the issue of whether a court possesses the authority to require a plaintiff to execute a medical release.  District courts, however, are split on the issue . . . ."  *See Chase v. Nova Se. Univ., Inc.*, Case No. 11-61290-CIV, 2012 WL 1936082, at *1 (S.D. Fla. May 29, 2012).  Some courts compelling execution of medical releases have done so when it "represents the least expensive and most efficient means of procuring information [from] medical or counseling providers."  *See Graham v. Carroll*, Case No. 5:10-cv-65-RS-GRJ,

2011 WL 855331, at *1 (N.D. Fla. Mar. 9, 2011).[2]

In light of the apparent importance of Plaintiff's prior chiropractic treatment, Defendants' need to determine the accuracy of Mr. Wakeham's testimony regarding the same, the burden of issuing subpoenas to every chiropractor in the Jacksonville area, and the approaching discovery deadline, the Court, in its discretion and with an eye towards the "just, speedy, and inexpensive determination" of this action, *see* Fed. R. Civ. P. 1, will grant the Motion as set forth below.

Accordingly, it is **ORDERED**:

1.    The Motion (**Doc. 127**) is **GRANTED**.

2.    **On or before December 4, 2015**, Plaintiff shall execute and return to Defendants a medical authorization allowing Defendants to access his medical records from any chiropractor.[3]

**DONE AND ORDERED** at Jacksonville, Florida, on November 24, 2015.

_____
JOEL B. TOOMEY
United States Magistrate Judge

---

[2] Although the courts in *Chase* and *Graham* ultimately declined to order execution of medical authorizations, at least one court in this district has required a plaintiff to execute a medical release. *See Zaffis v. City of Altomonte Springs*, Case No. 6:06-cv-385-Orl-31DAB, 2007 WL 646959, at *2 (M.D. Fla. Feb. 27, 2007).

[3] Although the Court is generally not inclined to order a party to sign a document that has not been provided to the Court for review, it appears that Plaintiff has already agreed to sign the requested authorization upon conditions not agreed to by Defendants. (Doc. 132 at 5.)

Copies to:

Counsel of Record