**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ANTHONY HAIRSTON,

    Plaintiff,

vs.

CASE NO.: 3:13-CV-01457-J-32JBT

ED NELSON TRANSPORT,
a Foreign Profit Corporation and
ED NELSON, Individually,

    Defendants.
_____/

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO EXCLUDE PORTIONS OF THE EXPERT TESTIMONY OF DR. JAMES BUTCHER

COMES NOW the Plaintiff, Anthony Hairston, and responds to Defendants' Motion to Exclude Portions of the Expert Testimony of Dr. James Butcher as follows:

### SUMMARY OF THE ARGUMENT

James Butcher, Ph.D. has a doctorate degree in Clinical Psychology from the University of North Carolina and over 50 years of teaching experience in the field of Psychology. More specifically, Dr. Butcher has over 50 years of experience teaching courses and workshops on the Minnesota Mulitphasic Personality Inventory (MMPI), a psychological test that assess personality traits and psychopathology, including depression and other mental health issues. Dr. Butcher served on the MMPI-2 Revision Committee for the test publisher, University of Minnesota Press, and was the first author of the publication of the MMPI-2. Additionally, he has published 26 books on the MMPI and MMPI-2 and has published 175 articles on the MMPI/MMPI-2 or MMPI-A. Dr. Butcher also developed the Minnesota Reports computer software, which scores and interprets the MMPI-2 for Pearsons Assessments and developed the administration and interpretation manual for the MMPI-2 sold by the publisher. Moreover, Dr. Butcher developed the Extended Score

program software that was used by Dr. Tannahill Glen in the present case to score the Plaintiff's MMPI-2.

## STATEMENT OF THE FACTS

The incident that is the subject matter of this suit occurred on June 16, 2011 when the Defendant backed his tractor trailer into the Plaintiff while the Plaintiff was opening a warehouse door, causing injury to the Plaintiff's neck, left shoulder, left arm and hand, and back. The Plaintiff retained James Butcher Ph.D. to provide rebuttal testimony and expert opinions as to the administration and interpretation of the psychological and neuropsychological tests administered by Defendants' expert witness, Tannahill Glen, PysD. Dr. Butcher provided his affidavit on/or around June 14, 2015 outlining his opinions in this case and was deposed by the Defendants on January 13, 2016.

## ARGUMENT AND MEMORANDUM OF LAW

Unlike an ordinary witness, an expert is permitted wide latitude under FRE 702 and 703 to offer opinions, including those that are not based on firsthand knowledge or observation. *See* Fed. R. Evid. 701 (regarding lay witnesses), 702, and 703. Rule 702 of the Federal Rules of Evidence, as amended by Congress in 2000, provides:

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

In *Daubert v. Merrell Dow Pharmaceuticals,* the United States Supreme Court held that Rule 702 of the Federal Rules of Evidence requires that expert testimony be both relevant and reliable in order to be admissible. 509 U.S. 579, 589 (1993). Under *Daubert,* the Court, acting as a gatekeeper, makes a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reasoning or methodology can be applied to the facts at issue. *Id. Daubert's* holding setting forth the trial court's "gatekeeping" obligation applies not only to testimony based on "scientific" knowledge, but also to testimony based on "technical" and "other specialized" knowledge. *Kumho Tire Co., Ltd. V. Carmichael*, 526 U.S. 137, 147 1999).

In his deposition, Dr. Butcher testified that the Plaintiff likely suffered from depression based on his review and interpretation of the Plaintiff's MMPI-2 test results, which had been administered by Dr. Glen. The Defendants argue that any and all testimony regarding depression by Dr. Butcher should be excluded because Dr. Butcher's testimony regarding depression is purely speculative when Dr. Butcher has never examined the Plaintiff or reviewed the Plaintiff's medical records. The Plaintiff does not intend to call Dr. Butcher to testify or give an opinion that Dr. Butcher clinically diagnosed Mr. Hairston with depression. Obviously, Dr. Butcher did not review the medical records, meet with Mr. Hairston or treat Mr. Hairston to make a clinical diagnosis. However, the Plaintiff intends to call Dr. Butcher to testify that the results of the MMPI-2, indicate an elevated score for depression. This is a significant distinction. The Plaintiff agrees that Dr. Butcher will not be making a clinical diagnosis of depression. However, the Defendants are attempting to exclude any testimony from Dr. Butcher based upon his interpretation of the MMPI-2 which indicates an elevated score of depression. This argument has no merit. Dr. Butcher is undisputed qualified in the administration and interpretation of the MMPI-2, which score

3

depression. Furthermore, Dr. Butcher was retained to rebut the opinions of Dr. Glen. One aspect of his rebuttal is his criticism of Dr. Glen's interpretation of the Plaintiff's MMPI-2 results, including her interpretation that the Plaintiff was not suffering from major depression. Again, Dr. Butcher is not testifying as to a clinical diagnosis of depression but will testify as to Dr. Glen not properly interpreting and scoring the MMPI-2, which would indicate depression.

As evidenced by the below testimony, Dr. Butcher's opinions regarding the Plaintiff's depression stem from his interpretation of the Plaintiff's MMPI results and profile.

> Q. All right. So, for example, you would not simply use the results from an MMPI to diagnose someone with depression?
>
> A. No. Well, in the case like Hairston, his MMPI was valid. 11 measures of invalidity were all within normal range and you can feel confident to look at the clinical scales then and say we need to evaluate further the possibility of depression or physical problems or whatever shows up on the clinical profile.
>
> Q. But that would just give you a signal that you need to evaluate further on certain measures or certain issues?
>
> A. Yeah. The MMPI should always be seen as an instrument that you use along with other sources of information.
>
> Q. Have you reviewed Mr. Hairston's medical records?
>
> A. No.
>
> Q. All right.
>
> A. No. I was not asked to do that. I was just asked about the MMPI.
>
> Q. Got it. And you haven't met with him, either. Correct?
>
> A. That's correct.
>
> Q. So it is fair to say that as we sit here today you have no definitive opinion whether he does or does not have depression?
>
> A. I would say based on what I see from his MMPI profile he appears quite depressed.

> Q. All right. But would you recommend, before making that final diagnosis, to follow-up and look at other factors?
>
> A. You certainly want to keep it in the context of other things, but the MMPI provides useful information. If you have a valid profile, then you can interpret the clinical scales and find that there is – wow, there is this or there is that. In his case, for whatever reason, he appears to be depressed.
>
> Q. But you are not here to give a final diagnosis of depression?
>
> A. No, but I would say that based on his MMPI there is a strong likelihood that this individual is experiencing mood disorder of some sort, depression. I would feel pretty confident with his interpreting his clinical scale profiles based on that information

(Exhibit "A" Butcher Depo., 60:25-62:23).

> A: And she also minimized the depression. I don't think she paid sufficient attention to it, the depression, in the profile. She, in fact, says 'This gentleman does not meet the criteria for a diagnosis of major depressive disorder at this time'. Well, it sure looks like there is plenty of depression there.

(Exhibit "A" Butcher Depo., 85:5-12).

> Q: And this MMIP-2 would actually be consistent with somebody suffering from major depression, wouldn't it be?
>
> A: Yes, major depression and other—other problems.

(Exhibit "A" Butcher Depo., 109:11-15).

> Q: All right. Now, his depression is a 72. Is that significant or – yeah, 72.
>
> A: Yeah.
>
> Q: Is that significantly elevated?
>
> A: Yes. That is a significant elevation.
>
> Q: If somebody writes a report and gives a test like the MMPI-2 and there is significant elevation in the depression scale, would you agree that should probably be in the report?
>
> A: I would definitely put it in my report, if it were a patient of mine.

5

> Q: Well, her report indicates that he is reporting mild symptoms of depression on another mood questionnaire, but when it comes to the MMPI-2, she does not indicate that the level of depression is significantly elevated. Is that a fair representation of the MMPI-2 to leave that out?
>
> A: I don't know if she missed it seeing it, but it was there. The depression scaled is quite elevated.

(Exhibit "A" Butcher Depo., 153:13-154:7).

Dr. Butcher did review the MMPI-2 printout and scores that were administered in this case. Dr. Butcher has testified his opinions regarding the Plaintiff's depression were formulated based on his interpretation of the Plaintiff's MMPI-2 scores and profile. Dr. Butcher's education, work experience and involvement in the evolution of the MMPI and the MMPI-2 more than qualify him under the *Daubert* standard to testify as to the interpretation of these test results. Furthermore, Dr. Butcher's testimony regarding depression also goes to his rebuttal of Dr. Glen's improper administration and interpretation of the MMPI-2.

**WHEREFORE**, the Plaintiff respectfully request this Honorable Court deny the Defendant's Motion to Exclude the Testimony of Plaintiff's expert witness, Dr. James Butcher.

### 3.01(g) Certification

In accordance with Local Rule 3.01(g), counsel for the Defendants and Plaintiff have conferred on the matters addressed in this response and the Defendant objects to withdrawal of the *Daubert* Motion directed to Dr. James Butcher.

LAW OFFICES OF ERIC S. BLOCK, PLLC

_/s/_ _Fla Bar No. 116024_

**ERIC S. BLOCK**
Florida Bar No.: 0915531
**FRAZ AHMED**
Florida Bar No.: 0025653
6817 Southpoint Parkway, Ste. 2502
Jacksonville, Florida 32216
TEL.: (904) 475-9400
FAX: (904) 475-9411
Attorneys for Plaintiff
Primary email: eservice@ericblocklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished via electronic delivery, Joseph T. Kissane, Esquire, Michelle L. Smith, Esquire, Cole, Scott & Kissane, P.A., 4686 Sunbeam Road, Jacksonville, Florida 32257, Counsel for Defendants; and Christopher Johns, Esquire, Johns & Von Roenn, 4901 Atlantic Blvd., Jacksonville, FL 32207, zvonroenn@chrisjohnslaw.com, cjjaxlaw@yahoo.com; Counsel for Plaintiff, for this 16th day of February, 2016.

_/s/_ _FAa_
Attorney